**STATE of Maine**

v.

**Wayne E. GRAY.**

Supreme Judicial Court of Maine.

Oct. 26, 1979.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty., Nancy Ziegler, Law Student Intern (orally), Portland, for plaintiff.

William F. Gore (orally), Portland, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

This appeal raises an unusual question as to the sufficiency of a 42-count indictment, returned by a grand jury in Cumberland County, which indictment in singularly abbreviated fashion charged the Defendant,

Wayne E. Gray, with unlawful sexual contact, 17–A M.R.S.A. § 255(1)(C) (Supp.1978). These Class C crimes, allegedly involving an eleven-year-old step-child, were alleged to have occurred on 42 successive dates in the fall of 1977, shortly after the Defendant had married the child's mother and moved into the family's South Portland home.

At a January, 1979, trial in Superior Court, the State called this child as a witness. The child was vague as to the precise dates of most of the incidents she recounted. Two other witnesses were called to the stand before the State rested.

Thereupon, the Defendant moved for a judgment of acquittal. The court found there was insufficient evidence as to 40 of the 42 counts, and granted the Defendant's motion as to all but two counts. Before so ruling, the Defendant's counsel was advised that if he found such a result to be prejudicial, the court would be happy to grant a mistrial. After a 20-minute recess, Defendant's counsel elected not to move for a mistrial.

The case went to the jury. Guilty verdicts were returned upon the two counts. From the judgment of conviction thereon, the Defendant seasonably appealed to this Court.

We affirm the judgment of the Superior Court.

■ The Defendant's principal argument before us was his assertion that the indictment returned against him failed to meet the requirements of M.R.Crim.P. 7(c) which provides in pertinent part:

The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. It need not contain a formal commencement, a formal conclusion, or any other matter not necessary to such statement. Allegations made in one count may be incorporated by reference in another count. . . .

He raised this issue in Superior Court by a pre-trial motion to dismiss the indictment. The motion was denied.

In drawing the indictment against him the State chose to exercise to the fullest the latitude permitted by the language of M.R. Crim.P. 7(c) quoted above. In a preliminary paragraph the State alleged that "on or about the dates enumerated immediately below" there were certain sexual contacts which, if proved, would constitute the offense charged. The indictment then proceeded to state:

COUNT 5: October 17, 1977

and continued in that abridged style through Count 46, for a total of 42 counts identifying 42 consecutive days.

A person charged with a crime has the constitutional right to demand that the charge be set forth with such particularity as will indicate with a reasonable degree of precision the offense with which he is charged. *State v. Lunney,* Me., 400 A.2d 759, 762 (1979).

The indictment challenged before us meets that constitutional test and satisfies the requirements of our rule.

By concluding that this indictment was adequate, we do not suggest that we favor this draftsman's cursory approach to compliance with M.R.Crim.P. 7(c). A prosecutor will do well to set forth in each count all the elements of the offense charged in the count.[1]

■ As a second issue the Defendant argues that at the point where judgment of acquittal was directed as to all but two counts, the Superior Court should have ordered a mistrial. The court below made clear to the Defendant at that point that if he made such a motion it would be granted (and, implicitly, that a defense of double jeopardy would not stand in the way of a new trial). After a recess of 20 minutes the Defendant made the tactical decision not to

---

1. We deplore even more the State's shotgun approach of alleging 42 crimes on successive dates when it had evidence of only 25 crimes. In such overkill there is at the trial stage a potential for serious and reversible error. To some extent a presiding justice can control this situation by requiring the prosecutor in advance of trial to identify the more limited number of offenses as to which he is able to actually present evidence.

make such a motion. He gains nothing by raising that issue here.

As a final issue the Defendant urges that he should be granted a new trial because in the course of his argument, the prosecutor argued to the jury:

> Touching may not be [defense counsel's] expression of sex, but the psychiatrists, I submit to you, have filled books on the subject on this type of activity. We have no further to go than our own library.

In the context of this trial it would not be reasonable to infer that by his reference to unspecified passages in unspecified books the prosecutor was attempting to introduce new evidence to the jury. The reasonable inference was that he was appealing to common knowledge. In this setting everyone knows, he argued, what "touching" is all about. At trial the Defendant's attorney did not object to this allusion to common knowledge. On appeal we have considered the issue and conclude there was no error here.

The entry, therefore, will be:

Appeal denied.

Judgment affirmed.

ARCHIBALD and GLASSMAN, JJ., did not sit.