### 59511. MORELAND v. THE STATE.

CARLEY, Judge.

Appellant was indicted for the offenses of aggravated assault and possession of a sawed-off shotgun. Appellant waived jury trial and entered a plea of not guilty to both counts. The case was heard before the trial judge who found appellant guilty on both counts and entered a three-year sentence on each, to run concurrently. From these convictions, appellant brings this appeal.

1. Error is enumerated upon the admission into evidence of the arresting officer's testimony concerning the search of appellant's car and the discovery of a sawed-off shotgun in the trunk. Appellant urges on appeal that the search of his car was "illegal" and the officer's testimony was erroneously admitted. This enumeration is without merit. Appellant at no time made a motion to suppress. The gun itself was never introduced into evidence. No objection was made at trial to the testimony appellant now urges was erroneously received into evidence. " '[T]estimony is outside

the scope of a motion to suppress, and should be objected to on the trial. [Cit.]' [Cits.] '(F)ailure to make a timely objection to testimony when it is offered results in a waiver of any objection that might have been urged. (Cits.)' [Cit.]" *Jackson v. State,* 146 Ga. App. 736 (247 SE2d 512) (1978). There was no error.

2. Appellant enumerates the general grounds. In essence, he urges that the version of the events as related by him and by his witnesses—which would establish that appellant acted in self-defense—should have been believed over the version testified to by the victim and other state's witnesses. We find this argument to be meritless. " ' "In considering the . . . general grounds on appeal, the defendant's testimony and that of his witnesses can be disregarded by the appellate court if the fact finders' verdict shows that such testimony was not believed. (Cit.)" (Cit.) The state's evidence was sufficient to authorize the verdict of guilty.' [Cit.]" *McCane v. State,* 147 Ga. App. 730 (250 SE2d 181) (1978).

Appellant seeks to avoid application of this rule in the instant case because the judge, after finding appellant guilty, made the following remark during the sentencing stage concerning the case: "It is sad to me to see something like this happen, and *I don't know that there is anything in this whole case that I thoroughly believe* except this man [the victim] got pellets in his back, and all the rest of it is about who happened, what happened, whether Chicken Wing [an alleged observer-participant in the events] was there, whether Tanya [an alleged observer] was there. I know this man [appellant] fired a sawed-off shotgun and hit that man [the victim] in the back. I know that for sure . . . " (Emphasis supplied.) It is urged that this statement demonstrates that the trial judge found appellant guilty of aggravated assault even though he was not convinced of that guilt beyond a reasonable doubt. Code Ann. § 26-501.

We note at the outset our dismay that this statement was made by a trial judge who had just concluded a bench trial. The statement, read out of its context, is indeed susceptible to the ominous construction appellant attaches to it. Our concern is further heightened by the decision of the United States Supreme Court in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to the effect that a federal habeas corpus court must consider not whether there was *any* evidence to support a state court conviction, but whether there was sufficient evidence to justify a rational trier of fact to find guilt beyond a reasonable doubt. When a trial judge is the finder of fact in a criminal case and he seemingly impeaches his own finding of guilt beyond a reasonable doubt, serious questions are raised as to the judge's adherence to the constitutional and

statutory mandate that no one may be convicted except upon proof of guilt beyond a reasonable doubt. However, upon careful review of the judge's statement in the instant case, we conclude that under all the circumstances and the applicable law, it does not require reversal of appellant's conviction for the reason urged.

The comments were made, as indicated, during the sentencing phase, after appellant's counsel had pled "for mercy in this case." Apparently the statement was made as part of the judge's thinking aloud as to what sentence to impose upon appellant under the admittedly confusing and conflicting evidence. This analysis is borne out when the statement is read in context and when consideration is given to the fact that, at the close of the evidence, the judge had found appellant's co-defendant not guilty "for failure to be convinced beyond a reasonable doubt about his guilt." Thus the trial court indisputably applied the reasonable doubt standard in determining guilt. To assume that the judge did not apply it as to appellant and that the subsequent statement was not merely the judge's verbal musings as his reaction to appellant's plea for mercy would require that we presume the judge's intentional or negligent failure to uphold appellant's constitutional rights in the performance of his function as the trier of fact in this case. Under the circumstances—there being no *affirmative* showing that the judge failed to apply the reasonable doubt standard, the juxtaposition of the statement following the plea for mercy and the context in which the statement was made indicating that it was not a reflection on the judge's "reasonable doubt" as to appellant's guilt—we are not prepared to so hold. However, trial judges are cautioned that on-the-record comments which could be interpreted as demonstrating their failure to apply the reasonable doubt standard are to be avoided.

Absent our absolute conviction that the statement here was an unfortunate choice of words by the judge, demonstrating no denial of appellant's constitutional rights, we would not hesitate to reverse. Nevertheless, we are convinced after a review of the "*record evidence* adduced at trial [that a] rational trier of fact could have found proof of guilt beyond a reasonable doubt." (Emphasis supplied.) Jackson v. Virginia, 443 U. S. 307, 324, supra. Notwithstanding the trial judge's statement, appearing *after* all evidence had been adduced and the guilt of appellant had been determined, we do not find, for the reasons stated above, that appellant's general grounds enumeration is meritorious. We are presented with a record of historical facts that supports conflicting inferences and we presume, based upon that record, that the trier of fact resolved any such conflicts in favor of the prosecution. We defer

to that resolution only because under the circumstances we do not find the trial judge's statement made during the sentencing phase of appellant's trial to be an affirmative demonstration that the judge did not so resolve those conflicts. See Jackson v. Virginia, 443 U. S. 307, supra.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED FEBRUARY 14, 1980 — DECIDED APRIL 18, 1980.

*Kenneth L. Gordon,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert, III, Carole E. Wall, Assistant District Attorneys,* for appellee.