### STATE of Maine

### v.

### Lewis BAGLEY.

Supreme Judicial Court of Maine.

Argued March 12, 1986.

Decided March 31, 1986.

R. Christopher Almy, Dist. Atty., Philip Worden, (orally), Asst. Dist. Atty., Bangor, for plaintiff.

Stern, Goldsmith & Billings, J. Hilary Billings, (orally), Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN and GLASSMAN, JJ.

WATHEN, Justice.

Defendant Lewis Bagley appeals from convictions entered by the Superior Court (Penobscot County) upon a jury verdict finding him guilty of six counts of gross sexual misconduct, 17–A.M.R.S.A. § 253(1)(B) (1983). On appeal, defendant claims obvious error in the trial court's failure to grant a mistrial *sua sponte* after ruling that only six counts of a fifteen-count indictment would be submitted to the jury. Defendant also claims a violation of his right to be free from double jeopardy, contending that the trial justice submitted for the jury's consideration counts as to which he had been granted judgment of acquittal. Finally, defendant seeks to raise on direct appeal a claim of ineffective assistance of counsel. We deny the appeal.

The indictment in this case charged defendant with fifteen counts of gross sexual misconduct alleged to have occurred "on or about" various dates during the years 1979–1982. The victim, at relevant times a girl of 8 to 11 years old, related numerous instances of sexual acts between her and defendant that occurred when she visited defendant's home in Dexter. Although the victim did not specify the date of any single sexual act, she testified that such acts began to occur shortly after her family moved to Dexter, at a time when she was

in the third grade.[1] She stated that the sexual acts continued over a course of several years, but that by 1981 she visited defendant's home less often and could recall only one or two instances of sexual activity during that year. In addition, the victim testified that she could not recall any sexual acts occurring after her father's death in October, 1981.

At the close of the State's case, defendant moved for judgment of acquittal on all counts. The court granted defendant's motion as to counts 11 through 15, which were all alleged to have occurred during 1982. As to the remaining ten counts,[2] the court ruled that due to a lack of specificity in the victim's testimony, the evidence would support a jury finding of no more than two sexual acts occurring in each of the years 1979, 1980 and 1981. Accordingly, the presiding justice consolidated the counts pertaining to each year to arrive at six counts charging two offenses per year. At the conclusion of the trial, the court instructed the jury that counts 1–3 were merged to form count 1, that counts 4 and 5 were merged to form count 4, and that counts 6 and 7 were merged to form count 6. Counts 8, 9 and 10 remained unaffected by any consolidation. The six consolidated counts were described to the jury without reference to any specific dates; the two counts pertaining to each year were stated to charge, respectively, gross sexual misconduct on one occasion during that year and gross sexual misconduct on another occasion during that year. Defendant did not object to the court's instruction.

█ As his first claim of error, defendant contends that after the original charges were reduced to six, the court should have declared a mistrial. Defendant argues that a mistrial was required because of the prejudicial effect of the State charging more than twice as many offenses as the evidence supported at trial. As defendant did not request a mistrial, the court's failure to declare a mistrial *sua sponte* is reviewed only for obvious error.

Defendant relies on language from *State v. Gray*, 407 A.2d 19, 20 n. 1 (Me.1979), suggesting that the State creates the "potential for serious and reversible error" by knowingly charging significantly more offenses than it has evidence to prove. The record in this case, however, contains no indication that the prosecution knew prior to trial that it would not be able to prove all of the offenses charged. As to the 1982 counts, evidence admitted during the defendant's case revealed that the victim had told investigators prior to trial that the sexual acts continued into 1982. The ten counts involving the years 1979–1981 were consolidated into six counts due to an understandable lack of specificity in the testimony of the young victim. Viewing the evidence as it appeared to the State prior to trial, the charging of fifteen counts does not approach the type of prosecutorial overkill alluded to in *Gray*. The court's failure to declare a mistrial after the State's case did not constitute obvious error.

Defendant next contends that the court's instruction to the jury on the merger of various counts subjected him to double jeopardy by allowing the jury to consider counts as to which he had already been acquitted. Defendant argues that the court's action at the close of the State's case in consolidating ten counts into six counts amounted to judgment of acquittal on four of the ten counts. From this mistaken premise, defendant argues that by instructing the jury that four counts, namely counts 2, 3, 5 and 7, were merged into other counts, the court allowed the jury to consider charges as to which he had al-

---

1. The victim testified that her family's move to Dexter took place in the spring of 1978. Other evidence in the record, including the girl's testimony that she was in the third grade, shows that the move actually occurred in the spring of 1979.

2. Counts 1–5 alleged sexual acts occurring on or about certain dates in 1979, counts 6–8 alleged dates in 1980, and counts 9 and 10 set forth dates in 1981.

ready been acquitted. Once again, in the absence of any objection to the court's instruction, we review only for obvious error.

 As this Court has previously recognized, when an indictment charges in ten counts what the court concludes is at most six offenses, the indictment suffers from multiplicity because it charges the same offense in two or more counts. *State v. Walker*, 506 A.2d 1143 (Me.1986). Consolidation, rather than dismissal, is the appropriate remedy for multiplicity. *Id.* Because consolidation of counts does not result in a dismissal or judgment of acquittal on any one count, defendant was not subjected to double jeopardy. The court applied the appropriate remedy for a multiplicitous indictment, and in doing so, committed no obvious error.

 Finally, defendant claims that the performance of his attorney at trial was so deficient as to deprive him of his right to effective assistance of counsel. Such a claim is cognizable on direct appeal only if "the record clearly establishes representational difficulties that are 'plainly beyond explanation or justification.'" *State v. Gilcott*, 420 A.2d 1238, 1240 (Me.1980) (quoting *State v. Dumont*, 379 A.2d 392, 393 (Me.1977)). A review of the record in this case does not reveal such plain deficiencies.

The entry is:

Judgments of conviction affirmed.

All concurring.