**STATE of Maine**

v.

**Stephen HUSSEY.**

Supreme Judicial Court of Maine.

Argued Nov. 17, 1986.

Decided Jan. 6, 1987.

R. Christopher Almy, Dist. Atty., Philip Worden (orally), Asst. Dist. Atty., Michael P. Roberts, Deputy Dist. Atty., Bangor, for plaintiff.

Vafiades, Brountas & Kominsky, Marvin H. Glazier, Bangor, Daniel G. Lilley Law Offices, P.A., Daniel Bates (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN and CLIFFORD, JJ.

CLIFFORD, Justice.

The defendant appeals an order of the Superior Court, Penobscot County, denying his motions for a judgment of acquittal and a new trial following his jury conviction for unlawful sexual contact, 17–A M.R.S.A. § 255 (Supp.1986) (Class C). *See* M.R. Crim.P. 29(b) and 33. The defendant assigns several points of error, but contends mainly that the court erred in finding that the three-year-old prosecutrix was competent to testify. Finding no error, we affirm.

The defendant was convicted of unlawful sexual contact with his young daughter, Kristen, while she was spending Christmas Eve with him in 1984. Kristen's parents were divorced and lived apart, and Kristen lived most of the time with her mother. Kristen returned to her mother's home on Christmas Day and that evening when her mother was putting her to bed, Kristen complained of soreness in the area of her vagina. Kristen's mother examined her and discovered inflammation and dilatation. The following day she took Kristen to her pediatrician, Dr. Robert Holmberg. Dr. Holmberg examined Kristen and concluded that Kristen's injuries were probably caused by trauma.

At trial the court conducted the voir dire of Kristen and ruled that she was competent to testify. The defendant declined to participate in the voir dire and requested no findings of fact on the issue of Kristen's

competence. Kristen's testimony as to the events of Christmas Eve was sufficient, if believed, to support a finding of guilty for the offense charged.

After trial the jury returned a verdict of guilty of unlawful sexual contact. Pursuant to M.R.Crim.P. 29(b) and 33, the defendant moved for a judgment of acquittal or a new trial. The court denied the motions, and this appeal followed.

### I.

At the time of trial in December, 1985, Kristen was three years old. The defendant's main contention on appeal is that the court erred in finding that Kristen was competent to testify. Specifically, the defendant contends that the court's voir dire of Kristen showed that Kristen was incapable of understanding her duty as a witness to tell the truth.

Under the common law, all persons fourteen years of age and older were presumed competent to testify, unless the contrary appeared. *State v. Pomerleau*, 363 A.2d 692, 695 (Me.1976); *State v. Ranger*, 149 Me. 52, 55, 98 A.2d 652, 653–54 (1953). As to a child under fourteen, there was no presumption either way regarding competency. *Pomerleau*, 363 A.2d at 695. Evaluation of a testimonial capacity of a child under fourteen was confined to the sound discretion of the presiding justice, who based his determination on the totality of circumstances in any given case. *Id.* This court set aside a ruling on competency only on a finding that the trial court had abused its discretion. *Id.; State v. Brewer*, 325 A.2d 26, 27 (Me.1974).

■ With the advent of the Maine Rules of Evidence, Rule 601 became the controlling authority for determining competency. It reads in relevant part:

> **(a) General Rule of Competency.** Every person is competent to be a witness except as otherwise provided in these rules.

> **(b) Disqualification of Witness; ....** A person is disqualified to be a witness if the court finds that (a) the proposed witness is incapable of expressing himself

concerning the matter so as to be understood by the judge and jury either directly or through interpretation by one who can understand him, or (b) the proposed witness is incapable of understanding the duty of a witness to tell the truth.

Rule 601 effected significant changes in pre-existing law regarding the competency of child witnesses.

In contrast to pre-existing law, a child of any age is competent to be a witness unless disqualified under rule 601(b). To disqualify a child witness from testifying the presiding justice must make a specific finding that either the proposed witness is incapable of expressing himself concerning the matter so as to be understood by the judge and jury, or the proposed witness is incapable of understanding the duty of a witness to tell the truth. M.R.Evid. 601(b).

■ Whereas determinations of child competency were previously committed to the sound discretion of the trial court whose determination was based on an analysis of the totality of the circumstances in a given case, the focus of the presiding justice must now be exclusively on these two factual issues. When appellate review of a trial court's disqualification of a witness is required, this court will accordingly review the trial court proceedings under a clearly erroneous standard as it does other factual findings.

The defendant does not seriously contend, nor does the record demonstrate, that Kristen was incapable of expressing herself concerning her experience so as to be understood by the judge and jury. Rather, the defendant contends that Kristen was incapable of understanding her duty to tell the truth.

■ A child must have "sufficient capacity to understand, in some measure, the obligation of an oath." *Ranger*, 149 Me. at 56, 98 A.2d at 654. The requirement that a child witness understand the duty to tell the truth may be satisfied if the child manifests an understanding that it is wrong to falsify, and that he or she may be punished for not telling the truth. *See State v. Vigue*, 420 A.2d 242, 246 (Me.1980); *State v. Pinkham*, 411 A.2d 1021, 1023 (Me.1980);

*Ranger,* 149 Me. at 56, 98 A.2d at 654. The defendant declined the court's invitation to participate in the voir dire of Kristen and failed as well to request findings of fact on the two issues in Rule 601(b). Since the defendant adduced no evidence to disqualify Kristen, we will not disturb the court's ruling.

■ The defendant points to numerous inconsistencies and errors in Kristen's testimony regarding details about what happened on Christmas Eve and Day. These inconsistencies and errors, nevertheless, affect weight and credibility and are therefore properly questions for the jury and do not affect the court's preliminary ruling on Kristen's competency.

## II.

■ During closing argument, the defendant implied that Kristen may have been coached in preparation for trial. To rebut this implication of recent fabrication the prosecutor argued to the jury that Kristen had told Dr. Holmberg that the defendant had hurt her. The defendant objected on the ground that there was no evidence supporting this claim. The defendant did not, nevertheless, move for a mistrial, nor was this alleged prosecutorial misconduct made a ground in the defendant's motions for a judgment of acquittal and a new trial. Because the defendant failed to preserve the alleged error for appeal, we review the court's failure to declare a mistrial *sua sponte* for obvious error. *See State v. Greene,* 512 A.2d 330, 333 (Me.1986); *State v. Bagley,* 507 A.2d 560, 562 (Me.1986).

■ We note first that Kristen did testify that she "told [her] doctor but nobody else" that the defendant had hurt her. Moreover, even if there was nothing in evidence supporting the prosecutor's comment and even if the issue were properly preserved for appeal, we do not think the court abused its discretion. *See Greene,* 512 A.2d at 335; *State v. Rowe,* 480 A.2d 778, 782 (Me.1984). In response to the defendant's objection, the court promptly and lucidly instructed the jury that the attorneys' comments were not evidence, that attorneys may, by inadvertence, mis-state the evidence, and that the jurors were to rely on their own memory, inferences and conclusions.

## III.

■ When Kristen was taken to Dr. Holmberg's office she was interviewed by two women, one of whom was the director of the Suspected Child Abuse and Neglect Committee at Eastern Maine Medical Center where Dr. Holmberg had his office. When, during the course of his testimony, Dr. Holmberg mentioned this interview, he referred to the acronym SCAN and was later permitted to testify, over objection, what the letters stood for. The defendant argues that the court abused its discretion in admitting this testimony.

■ Although it was only of marginal relevance, the explanation of the acronym was not clearly outweighed by prejudice to the defendant. *See* M.R.Evid. 401 & 403. Background information about a party or nonparty witness is ordinarily admissible, though not strictly relevant, unless undue prejudicial effect mandates exclusion under M.R.Evid. 403. *See* Field & Murray, *Maine Evidence* § 401.1 at 54–55 (1976). Moreover, Suspected Child Abuse and Neglect Committees have express statutory sanction and operate openly. *See* 22 M.R.S.A. § 4082(4) (Supp.1986). Dr. Holmberg's explanation simply filled in the background of the visit, and no inadmissible hearsay from Kristen's interview reached the jury.

## IV.

■ Finally, the defendant challenges the sufficiency of the evidence supporting his conviction. In reviewing such a challenge this court views the record in the Superior Court in the light most favorable to the State, deferring to the jury decisions as to credibility and weight of the evidence, vacating the guilty verdict only if the jury could not rationally have reached that conclusion on the basis of the evidence. *State v. Caouette,* 462 A.2d 1171, 1176 (Me.1983). Having closely examined the record in the Superior Court, we conclude that the jury

could rationally have found the defendant guilty of the offense charged.

The entry must be: Judgment affirmed.

All concurring.