STATE of Maine

v.

**David N. PELLETIER.**

Supreme Judicial Court of Maine.

Argued Sept. 9, 1987.
Decided Dec. 18, 1987.

---

Michael E. Povich (orally), Dist. Atty., Sophie Spurr, Asst. Dist. Atty., John McCarron, Legal Intern, Ellsworth, for plaintiff.

Peter R. Roy, (orally), Ellsworth, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

David N. Pelletier appeals from his convictions of gross sexual misconduct, 17–A M.R.S.A. § 253 (1983 & Supp.1987), and unlawful sexual contact, 17–A M.R.S.A. § 255 (1983 & Supp.1987), entered after a jury-waived trial in Superior Court, Hancock County. Pelletier contends that the court erred 1) in denying his request for an independent psychiatric evaluation of the child victim, 2) in finding the evidence sufficient to support the convictions and 3) in applying the wrong standard of proof. Although Pelletier's first two contentions are without merit, we conclude that his convictions should be vacated because the trial court applied the wrong standard of proof.

I.

Pelletier was convicted of sexually abusing the young daughter of his live-in girlfriend. Pelletier argues on appeal that the court erred in denying his pretrial request for an independent psychiatric evaluation of the child "for the benefit of determining the credibility of the child as a witness." Pelletier's motion alleged as the reason for the request 1) the likelihood that intensive interrogation of the child by law enforcement and Department of Human Services personnel had caused her to confuse fabrication with reality and 2) the likelihood that the allegations against the defendant were inspired by a custody dispute between her parents. The motion was denied.

Pelletier argues that the requested psychiatric evaluation would have cast some light upon the child's competency and credibility. The witness's competency to testify is evaluated under M.R.Evid. 601(b), and the witness is disqualified if the court finds that she is unable to express herself so as to be understood by the factfinder, or is incapable of understanding the duty of a witness to tell the truth. *State v. Hussey*, 521 A.2d 278, 280 (Me.1987). Defense counsel did not participate in the voir dire examination of the child nor did he request the court to make any findings on the child's competency. Thus the defendant is precluded from asserting on appeal that a psychological evaluation was essential to determine the child's competency. We find no obvious error in the court's allowing the child to testify. *Id.* at 280–281.

We find no more persuasive Pelletier's argument that the child should have been ordered to undergo a psychiatric evaluation for the purpose of assessing her credibility. A defendant's doubts about a

child victim's credibility present an insufficient justification for psychological testing. *State v. Walker*, 506 A.2d 1143, 1148 (Me. 1986). The determination of a child witness's credibility is a matter that is left solely to the factfinder. *Id.*

■ Before a court will order the victim of an alleged crime, not a party to the case before the court, to undergo psychological testing, there have to be reasons far more compelling than those advanced by Pelletier. Victims of sexual abuse have substantial privacy rights and should not be subjected to "the random exploration of their credibility by means of potentially embarrassing psychological tests." *Walker*, 506 A.2d at 1148. Surprisingly, both the State and the defense conceded at oral argument that neither had consulted the custodial parent to ascertain whether there would be any objection to the proposed psychological evaluation. In sum, we hold the court acted within its discretion in denying the defendant's motion for an independent psychiatric evaluation.

## II.

■ Pelletier next contends that the evidence is insufficient to support his convictions. We view that evidence in the light most favorable to the prosecution and determine whether any trier of fact rationally could find beyond a reasonable doubt every element of the offense charged. *State v. Barry*, 495 A.2d 825 (Me.1985). The bulk of the State's evidence in the present case consists of the child victim's videotaped testimony.[1] The uncorroborated testimony of a victim, if not inherently improbable or incredible or failing the test of common sense, is sufficient to sustain a verdict of guilty of a sexual crime. *State v. True*, 438 A.2d 460, 471 (Me.1981). The child's testimony was not as coherent as an adult's might be, but it was not sufficiently contradictory, unreasonable or incredible as to require that the court's findings be set aside. *State v. Pierce*, 438 A.2d 247, 252 (Me.1981). It clearly de-

scribed unlawful sexual acts and sexual contact. Despite the child's failure at times to use correct anatomical terms, we cannot say as a matter of law that her testimony did not afford the trial justice sufficient basis rationally to find beyond a reasonable doubt every element of the offense charged.

## III.

■ Finally, Pelletier argues that the trial justice did not apply the proper standard of proof and impermissibly imposed a burden on the defense to refute the State's case. His argument is based upon the court's comments following the summation of counsel at the conclusion of the trial. During their summations, counsel had discussed evidence that the child victim had been exposed to sexual activity apart from any sexual abuse by the defendant.

The justice observed that one of the issues raised "dealt with the extent of the knowledge of the child regarding sexual matters." He acknowledged the defense argument that she obtained information from observing her mother's activities and from viewing X–rated video cassettes. He then stated "the court does not believe that that is sufficient—that there is—that there is sufficient there to in any way refute what is otherwise a prima facie case." That terminology might well have been appropriate had the court been responding to a motion for acquittal. Unfortunately, the court was explaining a finding of guilt and in the process conveyed the impression that it was the defendant's burden to "refute what is otherwise a prima facie case."

Although we are confident that the trial justice is familiar with the correct standard of proof, we cannot ignore the justice's actual words. In a remarkably similar context, we felt compelled to "put aside our personal confidence in the Justice's application of basic judicial principles" because "the defendant is entitled to a decision from us based upon the record." *State v. Gribbin*, 360 A.2d 517, 518 (Me.1976); *ac-*

---

**1.** The State's motion to videotape the testimony of the child in the presence of a Superior Court justice was granted without objection. Pelleti-

er's attorney had full opportunity to cross-examine the child witness.

*cord State v. Wheeler,* 444 A.2d 430, 432 (Me.1982). As in *Gribbin* and *Wheeler,* Pelletier is entitled to a decision from us based upon the record. Because that record, albeit ambiguous, imports a misapplication of the State's burden of proof we vacate the judgment of conviction. *See Gribbin,* 360 A.2d at 518.

The entry is:

Judgment vacated.

McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, JJ., concur.

CLIFFORD, Justice, with whom SCOL-NIK, Justice, joins, dissenting.

I respectfully dissent.

I agree with Parts I and II of the court's opinion but disagree with Part III that the trial justice's use of the prima facie language in a limited context requires us to vacate the judgment.

At the close of the evidence, after final argument by the State and the defendant, the trial justice found the defendant guilty as to both charges, finding the testimony of the victim "coached to some degree" but "very credible." The trial justice then used the prima facie language in discussing the child's knowledge of sexual matters in explaining an already announced verdict. Although the term "prima facie" is incompatible with the State's burden of proving guilt beyond a reasonable doubt in a criminal case, I am not persuaded that the trial justice's comments suggest any misapplication of the standard of proof on his part. The prima facie remarks did not address the sufficiency of the State's evidence with respect to the elements of the offenses charged, but rather were made in a limited context, the child victim's knowledge of sexual acts. The trial justice's language was imprecise and confusing, but I would not interpret his extemporaneous oral remarks too literally. *See Moreland v. State,* 154 Ga.App. 375, 268 S.E.2d 425, 427 (1980). We should presume the trial justice is familiar with the correct standard of proof to be applied, and a review of the record and his entire verdict announcement justifies such a presumption. *Id.* I am not convinced by the trial justice's choice of words in a limited context that he failed to put the State to its appropriate proof.

I would affirm the judgment.