**STATE of Maine**

v.

**Paul THOMPSON.**

Supreme Judicial Court of Maine.

Argued Nov. 17, 1987.

Decided Jan. 8, 1988.

Mary Tousignant, Dist. Atty., Anne H. Jordan (orally), Asst. Dist. Atty., Alfred, for plaintiff.

Claire A. Julian (orally), Stavros & St. Onge, Kennebunkport, for defendant.

Before NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

SCOLNIK, Justice.

Following a jury trial in the Superior Court (York County), defendant Paul Thompson was found guilty of gross sexual misconduct (17–A M.R.S.A. § 253 (Supp. 1986)), and unlawful sexual contact (17–A M.R.S.A. § 255 (Supp.1986)), involving twin boys then aged six years old. On appeal the defendant argues that the trial court erred (1) in its denial of his motion for mistrial, (2) in ruling the minor witnesses were competent to testify, and (3) in denying his request regarding the scope of testimony read back to the jury during deliberations. He also challenges the sufficiency of the evidence to support the conviction. We affirm the judgment.

The defendant's argument that the trial court erred in not granting a mistrial is based on testimony elicited by the State from one of the witnesses that a pediatrician who had examined the two boys subsequent to the allegations of abuse was unavailable to testify at trial. Defense counsel objected to the testimony and moved for mistrial on the ground that the testimony presented to the jury impermissibly intimated that the boys' allegations of abuse were confirmed by the doctor's examination and that evidence of the examination was not presented only because the doctor was unavailable to testify. The trial court denied the motion for mistrial and at defense counsel's request gave curative instructions to the jury (1) to disregard any testimony relative to the doctor, (2) not to speculate as to the doctor "being here or not being here," and, (3) not to speculate what the testimony "would or would not be" if the doctor were present.

■ The standards applicable to the issue of mistrial in this case are well stated in *State v. Hilton*, 431 A.2d 1296 (Me.1981):

A motion for mistrial is addressed to the sound discretion of the presiding justice. A justice's refusal to grant a mistrial represents an abuse of discretion only where there is a reasonable possibility that the objectionable evidence might have been a contributing factor productive of a guilty verdict. Even if prejudicial testimony reaches the jury, the justice's election to grant a curative instruction instead of a mistrial is final, absent an abuse of discretion. The presiding justice is in a better position than the reviewing court to gauge the impact of the objectionable testimony. Only where there are exceptionally prejudicial circumstances or prosecutorial bad faith will a curative instruction be deemed inadequate to eliminate the prejudice.

431 A.2d at 1302 (citations omitted). After a careful review of the record, we conclude that the presiding justice did not abuse his discretion in denying the defendant's motion for mistrial. The record does not reveal the existence of "exceptionally prejudicial circumstances" or "prosecutorial bad faith" requiring the conclusion that the justice's immediate and specific curative instruction was inadequate to eliminate any prejudicial effect of the testimony.

■ The defendant next argues that the trial court erred in finding the two alleged victims, (both seven years old at the time of trial), competent to testify. The controlling authority for determining the competency of witnesses is Rule 601 of the Maine Rules of Evidence. *State v. Hussey*, 521 A.2d 278, 280 (Me.1987).[1] The trial court's *voir dire* of each child before trial demonstrated that both boys met the standard for competency set forth in Rule 601. Each child was shown to be capable of expressing himself adequately, and manifested "an understanding that it is wrong to falsify,

---

1. Rule 601 reads in part:
    (a) **General Rule of Competency.** Every person is competent to be a witness except as otherwise provided in these rules.
    (b) **Disqualification of Witness;** .... A person is disqualified to be a witness if the

court finds that (a) the proposed witness is incapable of expressing himself concerning the matter so as to be understood by the judge and jury ... or (b) the proposed witness is incapable of understanding the duty of a witness to tell the truth.

and that he ... may be punished for not telling the truth." *Hussey*, 521 A.2d at 280 (citation omitted). The presiding justice, therefore, did not err in allowing the boys to testify.

We also find no merit to the defendant's contention that the court erred in denying his request for a more extensive read back of testimony to the jury during deliberations. We have often indicated that the decision concerning reading testimony back to the jury is within the discretion of the trial justice. *State v. Hebert*, 455 A.2d 925, 930 (Me.1983); *State v. Engstrom*, 453 A.2d 1170, 1173 (Me.1982). The presiding justice acted well within his discretion in refusing the defendant's request regarding the read-back of testimony.

Finally, contrary to the defendant's contention, we conclude after reviewing the evidence in the light most favorable to the prosecution, that the jury rationally could find beyond a reasonable doubt every element of the crime charged. *See State v. Barry*, 495 A.2d 825, 826 (Me.1985); *State v. Sanders*, 460 A.2d 591, 592–93 (Me.1983). Defendant's remaining claims of error are without merit and require no discussion.

The entry is:

Judgment affirmed.

All concurring.