John AYER d/b/a Yarmouth Auto
Service Center

v.

TOWN OF YARMOUTH et al.

Supreme Judicial Court of Maine.

Argued May 11, 1988.
Decided May 26, 1988.

David J. Corson (orally), Yarmouth, for plaintiff.

F. Paul Frinsko, Catherine O'Connor (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for defendants.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, GLASSMAN,
SCOLNIK and CLIFFORD, JJ.

MEMORANDUM OF DECISION.

John Ayer, d/b/a Yarmouth Auto Service Center, appeals from a judgment of the Superior Court, Cumberland County, affirming the decision of the Yarmouth Planning Board (Board) denying his application for site plan approval, claiming the evidence is insufficient to support the Board's decision. Our review of the record discloses that there is substantial evidence on the record as a whole to support the Board's decision, *Bruk v. Town of Georgetown*, 436 A.2d 894, 898 (Me.1981), and contrary to the assertion of the Town of Yarmouth, Ayer properly sought direct review by the Superior Court of the Board's decision. *Benjamin v. Houle*, 431 A.2d 48 (Me.1981).

The entry is:

Judgment affirmed.

All concurring.

STATE of Maine

v.

Larry PARKS.

Supreme Judicial Court of Maine.

Argued May 12, 1988.
Decided May 31, 1988.

Paul Aranson, Dist. Atty. (orally), Portland, for plaintiff.

Ricky L. Brunette, (orally), Brunette, Shumway, Romanow & Ryer, Portland, for defendant.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, GLASSMAN,
SCOLNIK and CLIFFORD, JJ.

MEMORANDUM OF DECISION.

Larry Parks appeals from a judgment entered by the Superior Court, Cumberland County, upon jury verdicts convicting him of one count of aggravated assault, 17–A M.R.S.A. § 208 (1983) (Class B), one count of kidnapping, 17–A M.R.S.A. § 301 (1983) (Class A), two counts of rape, 17–A M.R.S.A. § 252 (1983) (Class A) and four counts of gross sexual misconduct, 17–A M.R.S.A. § 253 (1983 and Supp.1987) (Class A). Contrary to Parks's contentions on appeal, we conclude that any lapses by the prosecutor in his closing remarks, to which no objection was taken, do not rise to the level of obvious error; that this record does not reveal representational deficiencies requiring us to recognize on direct appeal Parks's claim of ineffective assistance of counsel at trial, *see State v. Bagley*, 507 A.2d 560, 563 (Me.1986); and that other unpreserved claims of error did not affect the defendant's substantial rights, *see* M.R.Crim.P. 52(b).

The entry is:

Judgment affirmed.

All concurring.