STATE of Maine

v.

Roy GORDON.

Supreme Judicial Court of Maine.

Argued Nov. 15, 1988.
Decided Dec. 12, 1988.

R. Christopher Almy, Dist. Atty., Philip C. Worden (orally), Asst. Dist. Atty., Dover–Foxcroft, for the State.

Martha J. Harris (orally), Paine, Lynch & Harris, P.A., Bangor, for defendant.

Before WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

WATHEN, Justice.

Defendant Roy Gordon appeals from convictions entered in the Superior Court (Piscataquis County) on nine counts of unlawful sexual contact (17–A M.R.S.A. § 255(1)(C) (1983 & Supp.1988)) and five counts of gross sexual misconduct (17–A M.R.S.A. § 253(1)(B) (1983 & Supp.1988)). Gordon argues on appeal that his conviction on Count V is unconstitutional because the court had previously entered an acquittal on that count. Defendant argues generally that the court erred in denying his motion for a bill of particulars, erred in excluding evidence of the fact that the victim had also accused others of sexual abuse, and erred in charging the jury. Finally, defendant challenges the sufficiency of the evidence. We affirm.

◼ Defendant was originally indicted on 17 counts of unlawful sexual contact and 12 counts of gross sexual misconduct. At the conclusion of the State's case at trial the presiding justice, (*Silsby, J.*) entered judgments of acquittal on 15 counts. Prior to ruling on defendant's motion, the court observed that "Count V of the indictment is supported by the evidence." The court then included Count V among the counts on which acquittal was ordered. Shortly thereafter, the court called counsel to the bench and the following conference took place:

THE COURT: I had misspoke—

PROSECUTOR: Yes, we were talking about that.

THE COURT: I think I may have misspoken that Count V is—I elaborated I think on some of that being the first alleged occasion, and so I wanted to say that that count is still in.

DEFENSE COUNSEL: Okay.

THE COURT: In case you need to use it for your examination. Okay?

DEFENSE COUNSEL: All right. Thank you.

At trial defense counsel conceded that no acquittal was granted on Count V and in fact no judgment of acquittal was ever entered on that count. *See* M.R.Crim.P. 32(b); M.R.Crim.P. 29(a); M.R.Crim.P. 55(a). Defendant now argues for the first time, that by correcting his misstatement, the presiding justice subjected defendant to double jeopardy. We find no merit in this argument.

◼ The Superior Court (*Brennan, J.*) committed no error in denying defendant's motion for a bill of particulars. As we have previously stated, in this "not unusual situation of a child victim with very unspecific indications of dates for the alleged sexual acts a motion justice ruling that the dates in the indictment could not be further particularized is not error." *State v. Greene*, 512 A.2d 330, 333 (Me.1986).

◼ Next, the trial justice did not abuse his discretion in refusing to allow a medical witness to testify that the victim had told him that people other than defendant had also sexually abused her. At trial, the defendant argued that the victim's statements to the doctor were admissible either as medical history or as prior inconsistent statements. On appeal, defendant argues exclusively and for the first time that the evidence was admissible to rebut an assertion by the prosecution that the victim was too sexually naive to have fabricated a charge of sexual abuse. Because this claim was not preserved at trial, we review only for obvious error and we find none.

The remaining claims regarding the jury instructions and the sufficiency of the evi-

dence are without merit and require no discussion.

The entry is:

Judgments affirmed.

All concurring.