SWINGLE v. UNITED STATES.
JENSEN v. SAME.
Nos. 3149, 3150.

Circuit Court of Appeals, Tenth Circuit.
Oct. 22, 1945.

---

D. H. Oliver, of Salt Lake City, Utah, for appellants.

John S. Boyden, Asst. U. S. Atty., of Salt Lake City, Utah (Dan B. Shields, U. S. Atty., and Scott M. Matheson, Asst. U. S. Atty., both of Salt Lake City, Utah, on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

Swingle and Jensen were charged by separate indictments with failure to report for induction in violation of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix, § 311. The cases were consolidated for trial. The jury returned verdicts finding each defendant guilty. Each was sentenced to a term of two years in an institution of the penitentiary type.

When the trial commenced, the court inquired if the defendants were present. Their counsel answered that they were present in the court room. The court directed them to come forward. The defendants then approached the counsel table. The court inquired which one was Jensen and which one was Swingle. The defendants identified themselves. The foregoing took place over the objection of counsel for the defendants.

Enid A. Orlob, clerk of Local Draft Board, Number 11, testified that in response to a subpoena she had brought with her the files of Swingle and Jensen, "the two defendants here." She testified that Jensen registered with such Local Board, July 31, 1943; that immediately prior to March 10, 1945, he was noticed to appear for induction; that the notice was sent to "357 West 5th South" which was the last address given by Jensen; that the notice was mailed February 23, 1945; that a like notice was mailed to Swingle to appear for induction; that it was addressed to "1551 South Third East, Salt Lake City," the last address given by Swingle. On cross-examination, she testified that she mailed the notice to Jensen on February 23, 1945; that she put the notice in the mail, and that it was never returned; that it was addressed to the last address which he gave; that the notice was made out by one of her clerks, and that the envelope was addressed by one of her clerks; that it was possible a mistake was made in the address.

It was not error for the court to require the defendants to identify themselves as the persons charged in the indictments. In so doing, they were not compelled to testify against themselves within the meaning of the Fifth Amendment. Neither defendant identified himself as the person who had committed the offense charged against him. A defendant, lawfully charged, may be compelled to present himself for trial. Indeed, it is his right to be present at the trial. All that the court did was to require him to come to the bar of the court for trial. Moreover, the prohibition against compelling an accused person to be a witness against himself is a prohibition of the use of physical or moral compulsion to extort communications from him, and not an exclusion of his body as evidence when it may be material.[1]

Swingle and Jensen were identified by Mrs. Orlob as the persons who had registered and to whom the notices to appear for induction were sent. That was sufficient identification of the defendants.

While Mrs. Orlob testified on cross-examination that there was a possibility that a mistake was made in addressing the envelopes in which the notices were mailed, we think the jury was warranted in concluding from the evidence that the envelopes in which the notices were mailed were properly addressed.

The judgments are affirmed.

[1] Holt v. United States, 218 U.S. 245, 253, 31 S.Ct. 2, 54 L.Ed. 1021, 20 Ann. Cas. 1138; State v. Clark, 156 Wash. 543, 287 P. 18, 19; State v. Fulks, W. Va., 173 S.E. 888, 890; People v. Curran, 286 Ill. 302, 121 N.E. 637, 640.