ALBERT NORRIS DUKE *v*. STATE OF INDIANA.

[No. 971S278. Filed July 23, 1973. Rehearing denied September 24, 1973).

*William C. Erbecker, James Manahan,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William D. Bucher,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.*—This case was initiated by the filing of an affidavit charging burglary of a business establishment. Regrettable to say, this charge was filed August 15, 1967, and finally reached this court fully briefed for an opinion on April 9, 1972, and was assigned to the writer of this opinion on June 27, 1973.

We need not concern ourselves so much with the facts of this case as with the sad course of this case in the trial court. The defendant waived arraignment, entered a plea of not guilty and was tried by the Court without a jury on December 5, 1968. On that day, the "defendant" was found guilty as charged by the Court.

Two men were sitting with defense counsel at the defense table. During the trial, Officer Fleck, at the request of the prosecuting attorney, pointed out one of these men [who later identified himself as Claude H. Wilson, Jr.] as the defendant, Albert Norris Duke, and further added: "He is the gentleman in the red trousers or pink trousers and he has lost weight since he was arrested. . . . It's a brown or maroon jacket—deep maroon."

At the conclusion of the trial, the Court found the "defendant" guilty and ordered him taken to the jail. The Court fixed the defendant's bond at $50,000. Defense counsel then asked the Court which man he was convicting. The prosecuting attorney immediately said, "that man right there. That is the man who was identified." The Court, appearing somewhat irked, then held the following colloquy:

"JUDGE: There is evidence of theft of property and is ordered committed to the Madison County Jail until such a time as he can be sentenced. There is positive identification that—

MR. ROBBINS: But you will have to put in the record that this man, so and so is the defendant.

JUDGE: I sentenced the defendant. If you would like you can file a motion or something. In the meantime I want the

* This case was reassigned from another Justice to the writer of this opinion on June 17, 1973.

man in the Madison County Jail. Is it conclusive this is not the man? As far as the court is concerned. The witness looked at the man and said this is the man.

MR. DIETZEN: This is the fingerprint expert.

JUDGE: If this is not the man here—I'm not sure he has cleared the case against Duke.

MR. DIETZEN: Can the court say positively that this man wearing pink trousers is the same man who was wearing pink trousers this morning?

JUDGE: You know I warned about tricks. The defense lawyers have a duty to defend and do his best for his client He has the duty to demand that the State make a positive identification of the defendant."

The following day it was discovered that the fingerprints of Wilson, who was taken to jail, did not match the fingerprints of the man, Albert Norris Duke, who had originally been charged with the crime.

Thereafter, upon this showing to the trial court that the wrong man had been incarcerated, Wilson was released and Duke was placed in jail, and later, sentenced. So far as we can determine, the officer's in-court testimony is the only identification of the defendant in the record. Fingerprints from the scene of the crime, if existing, were not introduced into evidence. Although at various times, the witnesses referred to defendant under the name charged, Albert Norris Duke, in our opinion, there has been a failure to properly identify and connect the original defendant, Albert Norris Duke, by probative evidence with the crime charged, and the case fails for insufficiency of evidence.

However, merely to correct the above-described error does not adequately dispose of this case and what we feel is a gross failure on the part of the trial court to give the defendant in this case his constitutional rights to an appeal. The record shows that the defendant was not sentenced until almost a month after his conviction. Seven (7) days prior to sentencing, defendant had filed a motion for new trial. At sentencing, January 6, 1969, the appeal bond was

set at $50,000. On March 6, defendant-appellant filed a motion to reduce the appeal bond. Two more months went by before this motion was denied. On June 8, 1969, pursuant to a motion made under then Supreme Court Rule I-13, the so-called "lazy judge" Rule, the trial judge disqualified himself as the rule requires. In about two months time the special judge provided for in Rule I-13 was seated; nevertheless, after almost a year from the invocation of Rule I-13, the Rule was invoked again by defendant on May 19, 1970, and a second special judge was seated, June 25, 1970. Finally, on August 24, 1970, eighteen months after being lodged in the county jail pursuant to his conviction, the defendant-appellant was able to meet a reduced appeal bond and was released. On June 8, 1971, two and one-half years after the motion for new trial was filed, the second special judge overruled said motion.

With this sad record before us, which we reluctantly set forth, it is revealed that the defendant has already served all but two months of the customary penalty for the crime charged. He was in fact deprived of a prompt appeal. In view of these facts, the judgment of the trial court is reversed and the defendant is hereby ordered discharged.

Givan, Hunter, Prentice, JJ., concur; DeBruler, J., concurs in result with opinion.

### OPINION CONCURRING IN RESULT

DEBRULER, J.—In this case, while concurring that the conviction of the defendant should be reversed and that he be discharged, I feel compelled to comment upon the procedure adopted at the beginning of the trial by the judge. The integrity of this trial was imperiled from the outset. When the case was first called, the defense counsel was seated alone at counsel table, and the defendant was seated with a companion in the spectator section of the courtroom. After the first witness had been sworn and had answered a few ques-

tions, the trial judge stopped the questioning of the witness and the following colloquy occurred:

"JUDGE: Just a minute, please, I would like for the defendant to sit here at the counsel table.

MR. ROBBINS: Come up gentlemen.

MR. KREEGAR: Your honor, may we at this time move for a separation of witnesses?

MR. DIETZEN: We have no objection, your honor.

JUDGE: We have two defendants, is this right? I will not permit any chicanery or tricks in this court. You understand this?

MR. ROBBINS: We are not pulling tricks, your honor. Why do you insinuate this?

JUDGE: Because, there are two gentlemen who came to your table when I asked Mr. Duke to come to the table.

MR. ROBBINS: Well, now Mr. Duke is here. The defendant is here and if we have someone else here we want to talk with, I think this is our privilege. If the State wants a separation of witnesses, we have no objection. We may have a witness and we may not use anybody. The burden of proof is upon the State.

MR. KREEGAR: We withdraw our motion for separation of witnesses, your honor.

JUDGE: I want Mr. Duke sitting there.

MR. ROBBINS: We have Mr. Duke here with us.

JUDGE: All right. Mr. Duke is waiving trial by jury. Is this right?

MR. DIETZEN: Yes, sir, we are waiving trial by jury.

JUDGE: I didn't mean any accusation to the attorneys about chicanery when I asked Mr. Duke to come forward and both men came forward and I am withdrawing chicanery being used."

The trial judge had a duty at the beginning of a trial to satisfy himself that the person on trial was present in the courtroom and prepared for trial. The presence of the defendant in court should be made to clearly appear on the record. The trial judge should leave nothing to chance in this matter, but should personally address the defendant and

require that the defendant identify himself to the court. The court may then determine the state of preparedness of the defendant. This personal identification procedure familiarizes the judge with the accused and permits the trial judge to quickly determine for the record, the presence of the defendant upon resumption of proceedings following recesses in the trial. It is the duty of the judge to conduct the trial in the presence of the defendant and to make the record reflect such fact. The modern rule is that an accused must personally present himself to the court for trial and that the trial judge may require him also to personally identify himself. *Kivette* v. *State* (1956), 230 F. 2d 749; *Swingle* v. *U.S.*, 151 F. 2d 512 (10th Cir., 1945).

NOTE.—Reported in 298 N. E. 2d 453.