### STATE of Maine

v.

### Jay G. THIBODEAU.

Supreme Judicial Court of Maine.

Argued March 11, 1987.

Decided April 28, 1987.

James E. Tierney, Atty. Gen., Charles K. Leadbetter (orally) Asst. Atty. Gen., Augusta, for plaintiff.

Jeffrey L. Hjelm (orally) Vafiades, Brountas & Kominsky, Paul W. Chaiken, Rudman & Winchell, Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

In a new jury trial following our vacation of his first murder conviction,[1] the Superior Court (Penobscot County) again convicted defendant Jay Thibodeau of intentional or

---

1. *State v. Thibodeau*, 496 A.2d 635 (Me.1985), *cert. denied,* — U.S. ——, 106 S.Ct. 1793, 90 L.Ed.2d 338 (1986). Our court's opinion in that first appeal elaborately sets forth the State's evidence of the crime, all of which was introduced at the second trial with the exception of the suppressed statements, which Thibodeau made to the police during the afternoon of October 28, 1983.

knowing murder, 17–A M.R.S.A. § 201(1)(A) (1983). On his present appeal Thibodeau contends that on his retrial the presiding justice erred in denying one of his juror challenges for cause and that part of the prosecutor's closing argument constituted an improper comment upon his failure to take the stand. We do not agree with either claim of error, and we accordingly affirm Thibodeau's conviction.

## I. *The Challenge for Cause*

■ After completing individual voir dire of a potential juror, defense counsel unsuccessfully challenged her for cause, arguing that her responses indicated a belief that a criminal defendant bears the burden of proving his own innocence. On appeal we find no reversible error in the presiding justice's denial of that challenge.

Our review of the alleged error is shaped by the principle that in challenging a juror for cause "[t]he affirmative of the issue is upon the challenger. Unless he shows the actual existence of such an opinion in the mind of the juror as will raise the presumption of partiality, the juror need not necessarily be set aside." *State v. Thibeault,* 390 A.2d 1095, 1099 (Me.1978) (quoting *Reynolds v. United States,* 98 U.S. (8 Otto) 145, 157, 25 L.Ed. 244 (1878)). We accord the presiding justice's denial of Thibodeau's challenge of this juror "the highest degree of respect." *State v. Thibeault,* 390 A.2d at 1099–1100 (quoting *Arizona v. Washington,* 434 U.S. 497, 511, 98 S.Ct. 824, 833, 54 L.Ed.2d 717 (1978)). Having heard the tone of her responses, observed her demeanor, and weighed face-to-face the credibility and fairness of the challenged juror, the presiding justice was far better situated to ascertain bias or partiality than are we, who have nothing but the cold record to guide us.

On the facts of this case we cannot conclude that the presiding justice erred in deciding that Thibodeau's counsel had failed to "raise the presumption of partiality" with respect to the juror he challenged. Prior to general voir dire the justice had instructed all the jurors that the entire burden of proof was the State's to carry and that defendant was not required to prove anything at all. The candid answers made by the challenged juror during her individual voir dire were not inconsistent with those instructions and were not at all indicative of any misunderstanding of the legal rule that the burden of proof rested exclusively upon the State.

## II. *The Prosecutor's Comment*

■ Central to the State's case against Thibodeau were the taped and written confessions Thibodeau had given to the police after his arrest. *See State v. Thibodeau,* 496 A.2d at 638. On retrial defense counsel made no effort to deny that Thibodeau had killed John Tower, Jr., but rather conducted Thibodeau's defense in an attempt to persuade the jury that the killing was only reckless or criminally negligent, constituting at most manslaughter, not intentional or knowing murder. In his closing argument the prosecutor closely analyzed Thibodeau's taped and written confessions to demonstrate that they did in fact support a conviction for murder. The jury had heard both of those confessions, which were admitted as State's Exhibits 13 and 15. The prosecutor pointed to them as Thibodeau's own explanation of how Tower had been killed. As part of his analysis of those exhibits, the prosecutor said:

Ladies and gentlemen of the jury, if [Thibodeau] had not intended to kill, if he had intended to use that weapon as protection, wouldn't there be somewhere on that State's Exhibit 13 or 15, I told him not to come after me. I warned him. In fact [Tower] didn't even know he was being shot at, wasn't even looking. And if he intended to wound him, wouldn't he have been shocked by the results, and wouldn't he have said something, I didn't mean it? Only thing he can say is hide behind the fact that he didn't know what his motive was or he did not want to tell you what his motive was. The fact of the matter is, the defendant, the best he can do is say, I don't know why I did it.

Thereafter defense counsel objected to the prosecutor's argument, asserting that the prosecutor had implied that the defendant bore the burden of taking the stand to prove his innocence. Defense counsel

moved for either a curative instruction or a mistrial, both of which the presiding justice refused, ruling:

> As I understood the argument, it was an argument of what was not in the taped confession and written confession, and it doesn't appear to be improper in any respect.

In contending on appeal that the presiding justice erred in refusing either a curative instruction or a mistrial, defendant invokes the rules stated in *State v. Tibbetts*, 299 A.2d 883, 889 (Me.1973). *Tibbetts inter alia* holds that an unambiguous prosecutorial comment on a defendant's failure to testify "can never be deemed harmless error." However, the prosecutor's discussion of Thibodeau's confessions was in the trial context found by the presiding justice to be only that—and not at all a comment, whether ambiguous or unambiguous, on defendant's failure to testify at trial. Perhaps one who takes out of context from the cold printed page the words "he did not want to tell you what his motive was" might at first blush think the prosecutor was saying "he did not want to tell you on the stand." The context, however, contradicts any such interpretation. Plainly, such an interpretation is not compelled to the exclusion of the understanding immediately stated by the presiding justice, who heard exactly how the whole closing argument was communicated to the jury. Reading the prosecutor's statement quoted above in the proper context of his entire closing argument reveals no reason for us to doubt the accuracy of the presiding justice's conclusion that the jury had not taken the prosecutor as doing anything beyond analyzing defendant's out-of-court statements. The justice's prompt ruling that no comment had in fact been made to the jury on defendant's failure to testify is not clearly erroneous on this record, and therefore none of the *Tibbetts* rules come into play. Having so found, the presiding justice had no basis for giving the jury a curative instruction, let alone for declaring a mistrial.

The entry is:

Judgment of conviction affirmed.

All concurring.