STATE of Maine

v.

Blake LAMBERT

Supreme Judicial Court of Maine.

Argued May 6, 1987.
Decided May 22, 1987.

R. Christopher Almy, Dist. Atty., Philip Worden, Asst. Dist. Atty. (orally), Bangor, for plaintiff.

Carl D. McCue (orally), Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK, and CLIFFORD, JJ.

McKUSICK, Chief Justice.

A Superior Court jury in Penobscot County found defendant Blake Lambert guilty of the Class C offense of operating a motor vehicle after he had been declared an habitual offender. *See* 29 M.R.S.A. § 2298 (Supp.1986). We find no merit in either of Lambert's arguments on appeal.

On the afternoon of October 22, 1985, Lambert's girlfriend, Sue Murch, picked him up at a bar in Bangor. With Murch behind the wheel of her Chevette, they drove toward Brewer, engaging in heated argument along the way. Finally, on Wilson Street in Brewer, Murch got out of the automobile and began walking back toward Bangor. Whether Murch parked the automobile before getting out, as the State's evidence suggested, or whether Murch suddenly jumped out while the automobile was still moving and in gear, as Lambert and Murch testified, was the central factual issue at trial. The jury by its guilty verdict resolved that factual issue against Lambert and rejected his defense that the competing harms statute, 17–A M.R.S.A. § 103 (1983), justified his removal of a purportedly driverless, still moving automobile from busy Wilson Street into a nearby driveway.

■ Lambert's first argument on appeal, that the Superior Court erred in not granting his request for the appointment of a private investigator at public expense, avails him nothing. The motion justice did not unconditionally deny Lambert's request; rather, he ruled correctly that Lambert first needed to make some showing of why the investigator's services were necessary to his defense. *See State v. Anaya,* 456 A.2d 1255, 1263 (Me.1983) (a defendant's need for expert assistance depends on facts of particular case, and he therefore "must first show the trial court, to the extent he reasonably can then be expected to do so, why the [expert's] services are necessary for an adequate defense"). Lambert neither made that required threshold showing nor explained his failure to do so.

■ Lambert's second argument on appeal, that in imposing sentence the presiding justice improperly referred to an extra-

judicial statement that Murch made at the scene to the arresting officer, is similarly unavailing. In that statement, which the justice learned about from the presentence report, Murch told the officer that she had parked the automobile before getting out and walking away toward Bangor. In referring to the statement the presiding justice was merely accepting for sentencing purposes the factual finding implicit in the jury's guilty verdict that no emergency justified Lambert's operation of Murch's automobile. Reliance on that finding in no way prejudiced Lambert, whose plea for leniency was largely a reiteration of the competing harms argument the jury had already rejected.

The entry is:

Judgment affirmed.

All concurring.