STATE of Maine

v.

**Thomas PHILBROOK**

Supreme Judicial Court of Maine.

Argued Jan. 13, 1987.

Decided May 27, 1987.

Mary C. Tousignant, Dist. Atty., David Gregory (orally), Alfred, for plaintiff.

James C. Hunt (orally), Daniel W. Bates, Daniel G. Lilley, P.A., Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

Thomas Philbrook appeals from a judgment entered by the Superior Court, York County, upon a jury verdict of guilty of one count of gross sexual misconduct, 17–A M.R.S.A. § 253(1)(B) (1983). Philbrook contends on appeal that the trial court erred by denying his request for a pretrial psychiatric examination of the five and a half year old victim (J.) and subsequently permitting J. to testify at trial despite the defendant's challenge of his competency. Philbrook also raises an issue of prosecutorial misconduct and claims that the evidence was insufficient to convict him of the crime charged. We find no error and therefore affirm the judgment of conviction.

The defendant moved the court for a pretrial psychiatric examination of J. so that J.'s competency to testify at trial could be assessed. The trial court denied the motion, stating that the defendant failed to demonstrate a particularized need for the

**1048**

examination. We agree with the trial court that no particularized need was shown that would have justified a psychiatric examination of J. and therefore find no error in the court's denial of the motion. *See State v. Walker*, 506 A.2d 1143, 1147–48 (Me.1986).

■ Philbrook argues that the trial court erred when, following a pretrial voir dire, it found J. competent to testify at trial pursuant to M.R.Evid. 601. The defendant maintains that J. failed to demonstrate adequately an understanding of the duty to tell the truth. Upon reviewing the voir dire, we conclude that the trial court's finding that J. understood his obligation to testify truthfully was not clearly erroneous. *See State v. Hussey*, 521 A.2d 278, 280 (Me.1987). We also reject the defendant's contention, raised for the first time on appeal, that the trial court should have excluded J.'s testimony pursuant to M.R. Evid. 403.

■ The defendant also argues for the first time that certain misstatements of evidence by the prosecutor during J.'s direct examination and in closing argument constituted prosecutorial misconduct warranting reversal. After reviewing the alleged misstatements in the context of the record as a whole we conclude that they do not rise to the level of an obvious error creating manifest injustice. *State v. Hinds*, 485 A.2d 231, 235, 237 (Me.1984).

■ Finally, the defendant maintains that the evidence was insufficient to support his conviction. A careful review of the entire record, viewed in the light most favorable to the prosecution, leaves us convinced that the jury rationally could have found beyond a reasonable doubt every element of the offense charged. *State v. Barry*, 495 A.2d 825, 826 (Me.1985).

The entry is:

Judgment affirmed.

All concurring.