STATE of Maine

v.

Sandra LAWRENCE.

Supreme Judicial Court of Maine.

Argued March 16, 1988.

Decided May 19, 1988.

R. Christopher Almy, Dist. Atty., Philip C. Worden (orally), Asst. Dist. Atty., Bangor, for plaintiff.

J. Hilary Billings (orally), Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

NICHOLS, Justice.

The Defendant, Sandra Lawrence, appeals from her conviction in the Superior Court (Penobscot County) on five counts of gross sexual misconduct and fifteen counts of unlawful sexual contact. The Defendant argues *inter alia* that the Superior Court erred by admitting evidence devoid of scientific reliability to the effect that four of the alleged victims exhibited behavior patterns symptomatic of sexual abuse.

■ An indictment returned in May, 1986, charged the Defendant with sexually abusing four children on numerous occasions between 1981 and 1985. At trial four months later each of these children testified to incidents of sexual abuse by the Defendant. The allegations that involved two of the children were substantiated by a pediatrician's testimony. As to the similar charges involving the two other children, two therapists took the witness stand and each declared that both children exhibited behavior patterns symptomatic of sexual abuse. The first therapist stated that the third child displayed noncompliant, inatten-

tive, regressive and hyperactive behavior. She then posited that such traits are "across-the-board behaviors for [sexual abuse] victims." In a very similar vein the second therapist declared that the anxiety, fearfulness, guilt, introversion and depression that she observed in the fourth child were indications of sexual abuse. Each therapist was of the opinion that each child was a victim of sexual abuse. The Defendant now challenges the admission into evidence of the testimony of these therapists' without proof of their scientific reliability and acceptance by the scientific community.

The error the Defendant now claims was unpreserved at trial, but we find it to be an obvious error. Therefore, we sustain her challenge and vacate the convictions to which the therapists' testimony related.

This issue is governed by our recent decision in *State v. Black*, 537 A.2d 1154, 1157 (Me.1988). There we concluded that the trial court should not have permitted the proffered expert to testify that the alleged victim of sexual abuse displayed identifying characteristics in order to show that the child was in fact abused. "Whether described in terms of 'indicators,' 'syndromes,' 'patterns,' or 'clinical features' the objective of such evidence is to establish on the basis of present conduct that in the past someone has been subjected to a specific trauma. We conclude that the present record fails to demonstrate the scientific reliability of such evidence."

■ Based upon the record now before us, we draw a like conclusion. In order to be admissible the proffered expert testimony must be demonstrated to have *sufficient reliability* to satisfy the evidentiary requirements of relevance and helpfulness, and of avoidance of unfair prejudice to the defendant or confusion of the factfinder. *Id.* at 1156 (*citing State v. Philbrick*, 436 A.2d 844, 861 (Me.1981) (emphasis in original)); M.R.Evid. 403, 702. A significant factor in determining relevance and helpfulness is whether the scientific matters involved in the testimony have been generally accepted or conform to a generally accepted scientific theory. *State v. Phil-*

*brick,* 436 A.2d at 861. There is a complete absence of evidence on the scientific reliability of the therapists' analytical techniques in this case. Because their testimony was the only means of bolstering the children's testimony that they were abused, we cannot say that the Defendant was not prejudiced by the admission. The convictions of abuse of the two children that were bolstered by the testimony of the two therapists must therefore be vacated.

█ The convictions of abuse of the other two children are, however, affirmed. The jury was properly instructed to consider each offense separately and independently. Absent a showing to the contrary, the jury is presumed to have followed the court's instructions. *State v. Trafton,* 425 A.2d 1320, 1324 (Me.1981). The Defendant has made no contrary showing here.

Because some of the sentences on the judgments of conviction we have affirmed are consecutive to sentences imposed on judgments of convictions we have vacated, we vacate the sentences on the affirmed convictions and remand those judgments to the Superior Court for resentencing.

We find no merit in the remaining issues raised by the Defendant.

The entry is:

Judgments of conviction on Counts I, II, X, XII, XIV, XVI, XVIII, XX, XXI, XXIII and XXIV vacated.

Judgments of conviction on Counts IV, V, IX, XI, XIII, XV, XVII, XIX and XXII affirmed, but the sentences thereon vacated as necessary.

Remanded for further proceedings consistent with the opinion herein.

All concurring.