**STATE of Maine**

v.

**John J. McGOWAN.**

Supreme Judicial Court of Maine.

Argued May 9, 1988.
Decided June 3, 1988.

Paul Aranson, Dist. Atty., Stephen Bither, Law Student Intern, (orally), Portland, for plaintiff.

Claire A. Julian, (orally), Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

SCOLNIK, Justice.

John J. McGowan appeals from a judgment entered by the Superior Court, Cumberland County, on a jury verdict convicting him of unlawful possession of a schedule W drug (cocaine), 17–A M.R.S.A. § 1107 (1983). On appeal, McGowan contends that (1) there was insufficient evidence to prove he possessed cocaine within the meaning of 17–A M.R.S.A. § 1107 (1983), and (2) the trial court erred in denying his challenges of potential jurors for cause. We affirm the judgment.

On February 10, 1987, the defendant was stopped by a Maine State Police Trooper for speeding on Interstate Route 295 in

Portland. During an ensuing search of defendant's automobile, the Trooper discovered a small vial and a plastic box containing a small set of scales. A residue of white powder lining each container tested positive for cocaine in subsequent laboratory analysis.

■ In his first argument, the defendant essentially contends that the amount of cocaine found in the containers was so minute as to be insufficient under Maine law to support a conviction for a violation of 17–A M.R.S.A. § 1107 (1983). From 1975 to 1981, 17–A M.R.S.A. § 1107 stated in relevant part:

A person is guilty of unlawful possession of a scheduled drug if he intentionally or knowingly possesses *a useable amount of* what he knows or believes to be a scheduled drug, and which is, in fact, a scheduled drug ...[1]

(emphasis added). In *State v. Bonney*, 427 A.2d 467 (Me.1981), we discussed extensively the meaning of the statute's "useable amount requirement." Shortly after our decision, the Legislature deleted the "useable amount" language from the statute. *See* P.L. 1981, ch. 317, § 24. Under the statute as it now reads, a person may be convicted for unlawful possession of *any* amount of cocaine. Since the residue in the containers tested positive for cocaine, there was sufficient evidence of defendant's possession within the meaning of

17–A M.R.S.A. § 1107 (1983) to support the jury's verdict. *See State v. Barry*, 495 A.2d 825, 826 (Me.1985).[2]

■ In his second argument, the defendant contends that the trial court's denial of his challenges of potential jurors having significant relationships to law enforcement officials deprived him of his right to an impartial trial under the Maine and United States Constitutions. We have repeatedly held that: "Connection with law enforcement by itself does not require a juror's dismissal." *State v. Pelletier*, 434 A.2d 52, 54 (Me.1981); *see also State v. Chattley*, 390 A.2d 472, 477 (Me.1978). From the record, we find that the trial court adequately inquired into potential juror bias during voir dire, *see State v. Heald*, 443 A.2d 954, 956 (Me.1982), and that the court committed no reversible error in its denial of defendant's challenges for cause. *See State v. Thibodeau*, 524 A.2d 770, 771 (Me.1987).

The entry is:

Judgment affirmed.

All concurring.

---

1. Cocaine is a schedule W drug under 17–A M.R.S.A. § 1102(1)(F) (1983).

2. We find no merit in the defendant's related contentions that there was insufficient evidence

that he acted knowingly, and that 17–A M.R.S.A. § 1107 (1983) is unconstitutionally vague.