**STATE of Maine**

v.

**William E. GORDIUS.**

Supreme Judicial Court of Maine.

Argued May 2, 1988.

Decided July 14, 1988.

---

Michael E. Povich, Dist. Atty., Sophie L. Spurr (orally), Asst. Dist. Atty., Ellsworth, for plaintiff.

Charles W. Hodson, II (orally), Bangor, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

Defendant, William E. Gordius, appeals from convictions of gross sexual misconduct, 17–A M.R.S.A. § 253(1)(B) (Supp. 1987), and unlawful sexual contact, 17–A M.R.S.A. § 255 (Supp.1987), resulting from a jury trial in Superior Court (Hancock County). On appeal, defendant contends that the trial justice erroneously denied his motion to hire an expert witness at State expense and erroneously failed to declare a mistrial on the basis of prosecutorial misconduct. In addition, defendant challenges certain evidentiary rulings and the sufficiency of the evidence to support his convictions. Finding no error, we affirm the judgments of conviction.

Defendant was charged with two sexual offenses involving his five year old daughter. At his arraignment, defendant was found indigent and counsel was appointed. Subsequently, the defense filed a motion seeking funds to hire an expert who would testify concerning "the factors which make up the accuracy or inaccuracy of a child's testimony in sex abuse cases." The trial justice denied defendant's motion.

Defendant's trial began on October 19, 1987. After voir dire, the presiding justice ruled that the alleged victim was competent to testify. Through the use of anatomically correct dolls the child then testified that defendant touched her vagina with his finger and with his penis. She further stated that this touching occurred at her aunt's house and that defendant threatened to kill her if she told anyone. The jury found defendant guilty on both counts. Defendant now appeals.

██ Defendant first challenges the Superior Court's refusal to grant his request for funds to hire an expert witness. An indigent defendant has a constitutional right to the "basic tools of an adequate defense." *Ake v. Oklahoma,* 470 U.S. 68, 77, 105 S.Ct. 1087, 1093, 84 L.Ed.2d 53 (1985) (quoting *Britt v. North Carolina,* 404 U.S. 226, 227, 92 S.Ct. 431, 433, 30 L.Ed.2d 400 (1971)); *see State v. Lambert,* 525 A.2d 1043, 1044 (Me.1987); *State v. Anaya,* 456 A.2d 1255, 1263 (Me.1983). We have previously stated two requirements imposed on defense counsel in making a request for funds:

> Therefore ... an indigent accused requesting public funds for experts must first show the trial court, to the extent he reasonably can then be expected to do so, why the services are necessary for an adequate defense; to appeal successfully from a denial of his request for funds, he must have been substantially prejudiced by the action of the trial court.

*Anaya,* 456 A.2d at 1263. After carefully reviewing the record, we hold that defendant satisfied neither of these requirements.

Before the Superior Court, defendant specifically requested funds to hire Dr. Charles L. Robinson, a psychologist. De-

fense counsel called to the court's attention an article authored by Dr. Robinson titled *"Psychological Evidence and Sexual Abuse"*, 2 Me.B.J. 264 (1987). Relying on that article, counsel attempted to demonstrate necessity by arguing as follows:

> [E]xpert testimony [is] requested to inform the jury of the dynamics involved in a young child's recollection of an event and what factors can affect his or her accuracy of recall. Testimony further would be elicited as to the effects of various forms of questioning by adults upon that accuracy.

By comparing Dr. Robinson's article with the statement of defense counsel, it is possible to gain a hint of the substance of the proposed expert testimony. Presumably, the witness was to testify to the effect that certain clinical techniques employed in this case (i.e., serial questioning, use of anatomically correct dolls) may lead to inaccurate reports of child sex abuse.

To establish that Dr. Robinson's testimony was necessary for an adequate defense, defendant was required, at a minimum, to demonstrate that his testimony would have been admissible at trial. It was therefore incumbent on him to show that the proffered expert testimony is beyond "common knowledge," *State v. Black*, 537 A.2d 1154, 1156 (Me.1988), and has sufficient reliability to satisfy the evidentiary requirements of relevance and helpfulness, and of avoidance of confusion to the jury. *State v. Lawrence*, 541 A.2d 1291, 1292 (Me.1988); *Black*, 537 A.2d at 1156. The material presented in support of defendant's request does not suggest the existence of valid empirical research establishing a causal relationship or the degree of any positive correlation between particular techniques or combination of techniques, and inaccuracies in reporting. *Id.* at 1157. Impressions gleaned from clinical experience or individual case studies concerning the possibility of false allegation, offer no inherent advantage over the knowledge possessed by ordinary lay people. *See State v. Tellier*, 526 A.2d 941, 944 (Me.1987); *State v. Fernald*, 397 A.2d 194, 197 (Me.1979). Based on the record before us, defendant failed to establish the necessity for the services of the expert witness and on appeal has failed to prove substantial prejudice resulting from the denial of his request for funds.

■ Defendant next argues that the prosecutor's questioning of several trial witnesses constituted prosecutorial misconduct that effectively deprived him of a fair trial. Although defense counsel objected to the questions, at no point did he move for mistrial. In the absence of such a motion, defendant is taken to have acquiesced in the corrective measures adopted by the trial justice, and we review only for obvious error. *State v. Greene*, 512 A.2d 330, 334 (Me.1986); *State v. Hinds*, 485 A.2d 231, 235 (Me.1984); *see State v. True*, 438 A.2d 460, 467 (Me.1981). We conclude that the prosecutor's examination of the witnesses at trial did not reach the level of obvious error affecting substantial rights because there was no significant prejudice to defendant and the questioning fell short of prosecutorial bad faith. *Hinds*, 485 A.2d at 236–37; *see State v. Hilton*, 431 A.2d 1296, 1302 (Me.1981). Accordingly, in light of the curative measures taken by the trial court, we cannot say that the prosecutor's questions denied defendant a fair trial.

■ Defendant argues that the trial justice erred in finding that defendant's daughter was competent to testify and that she testified on the basis of personal knowledge. Reviewing the court's voir dire of the child witness, we conclude that the presiding justice's determination that she understood her obligation to testify truthfully was not clearly erroneous. *See State v. Philbrook*, 525 A.2d 1047, 1048 (Me.1987); *State v. Hussey*, 521 A.2d 278, 280 (Me.1987). Because defendant's daughter had the opportunity to observe the incidents to which she testified, and because her testimony was the result of those observations, we also reject defendant's assertion that the trial justice erred in failing to exclude her testimony pursuant to M.R.Evid. 602. *See State v. Franklin*, 478 A.2d 1107, 1110–11 (Me.1984).

■ Finally, our review of the record reveals that there is no merit in defend-

ant's challenge to the sufficiency of the evidence. The child's testimony was sufficient to permit the jury rationally to find beyond a reasonable doubt every element of the offenses charged. *Black*, 537 A.2d at 1157–58; *Philbrook*, 525 A.2d at 1048; *State v. Barry*, 495 A.2d 825, 826 (Me. 1985).

The remaining contentions are without merit and require no discussion.

The entry is:

Judgments affirmed.

All concurring.