STATE of Maine

v.

Steven JONES.

Supreme Judicial Court of Maine.

Argued Sept. 4, 1990.
Decided Sept. 27, 1990.

Paul Aranson, Dist. Atty., Diane Powers (orally), Asst. Dist. Atty., Portland, for the State.

Roger Lehr, Jr. (orally), Norwich, Conn., for defendant.

Before McKUSICK, C.J.*, and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

WATHEN, Justice.

Defendant Steven Jones appeals from his jury convictions in Superior Court (Cumberland County, *McKinley, J.*) for aggravated assault, 17–A M.R.S.A. § 208 (1983), and assault on a minor, 17–A M.R.S.A. § 207 (Supp.1989). On appeal, defendant contends that the court erred in excluding alternative suspect evidence, and in restricting his closing argument. He also argues that the prosecutor violated an order sequestering witnesses and violated his 6th amendment right of confrontation by an improper comment made during final argument. Finally, he challenges the sufficiency of the evidence. Finding no error that requires vacating the judgments, we affirm.

The relevant facts may be summarized as follows: On February 2, 1988, the 2½ month old infant of defendant and Michele Hawes was diagnosed with a collection of symptoms indicative of a brain injury caused by violent shaking. Two medical witnesses testified that the injury probably occurred one day earlier. Although defendant and Michele had lived together in the past, Michele and the infant were living with her mother at the time of this event.

---

* McKusick, C.J. sat at oral argument but did not participate in the conference or in the preparation of the opinion in this case.

On the day in question, defendant agreed to care for the child at his apartment while Michele worked. Michele and her mother testified that the child was normal, alert and had no bruise on his face before going to defendant's home. The child stayed with defendant from 10:00 A.M. to 2:15 P.M. Defendant testified that while in his custody, the child had two "messy" bowel movements, would not eat, and slept the whole time despite efforts to arouse him. When Michele returned, she noticed a grayish/green bruise on the infant's face. When she arrived at her home, the infant had difficulty feeding and was lethargic. After the infant's condition worsened, he was hospitalized and diagnosed with brain injuries described as shaken baby syndrome. Following his convictions, defendant appeals.

■ Defendant initially argues that the court improperly excluded evidence that would have suggested that someone else might have committed the offense. Specifically, he sought to elicit evidence of his stormy relationship with Michele in order to suggest that she injured the child because she was jealous of the affection he displayed for the child. The court excluded the details of their troubled relationship prior to the infant's birth but permitted testimony concerning their relationship after the infant's birth. In addition, defendant sought to introduce evidence of the demeanor of Michele's mother when interviewed by a child protection worker. The court sustained the State's objection on the ground of relevance. The court has wide discretion in making determinations of relevance and has the authority to exclude even relevant evidence if its admission would result in confusion of the issues, misleading the jury, or delay and waste of time. M.R.Evid. 403. *See State v. Dechaine*, 572 A.2d 130, 134 n. 9 (Me.1990). We find no abuse of discretion.

■ Defendant also argues that the court erred in refusing to permit him to address his willingness to take a polygraph test in final argument to the jury. During cross-examination by the State, defendant referred to a prior statement he made during an interview expressing a willingness to take a polygraph test. The court appropriately limited the jury's consideration of that evidence. In response to defense counsel's inquiry, the court informed defense counsel that it would not be appropriate to argue that the jury could infer innocence from defendant's willingness to submit to testing. The court committed no error. *See State v. Burnham*, 427 A.2d 969, 971 (Me.1981).

Next, defendant argues that the prosecutor violated the "spirit," if not the letter, of a witness sequestration order. Defendant argues that the prosecutor encouraged a witness to change her testimony by revealing the results of a motion in limine hearing. The record does not support defendant's factual assertion. The court was not requested to make any findings in this regard, and, in fact, none were made. The error, if any, is not before us.

■ Defendant next argues that the prosecutor violated his 6th amendment right to confront the witnesses against him by asking the jury to infer from his presence at trial that he fabricated his testimony. The comments at issue were made to the jury during closing argument:

"I suggest when you evaluate the credibility of these witnesses and their testimony you also consider something very important; the only witness who testified in this case who heard everybody else's testimony before he gave his reason was the defendant. Mr. Jones had the benefit of knowing what everybody else said before he testified. What opportunity did that give Mr. Jones to testify as he did?"

Defendant immediately objected and the court informed the jury that the argument was improper and instructed them to disregard it. Defendant did not move for a mistrial nor did he request any further curative instruction.

Both the United States and Maine Constitution provides that in all criminal prosecutions the accused shall enjoy the right "to be confronted with the witnesses against him...." U.S. Const. amend. VI, Me. Const., art. I § 6. Called the Confrontation

Clause, one of the most basic of the rights it guarantees is the right of the accused to be present at every stage of the trial. *Illinois v. Allen,* 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L.Ed.2d 353 (1970). A direct comment by the prosecutor that invites the jury to draw an adverse inference from the defendant's presence at trial and his corresponding opportunity to hear all the witnesses testify is error. Although the prosecutor's argument was improper, even constitutional errors need to be preserved at trial. *State v. Saucier,* 385 A.2d 44, 47 (Me.1978) (quoting *State v. Pomerleau,* 363 A.2d 692, 696 (Me.1976)). Following defendant's original objection and the court's curative instruction, defendant made no further objection and did not move for a mistrial. We find no error on the part of the Superior Court.

Finally, our review of the record persuades us that a finder of fact could rationally find beyond a reasonable doubt every element of the offense charged. *State v. Barry,* 495 A.2d 825, 826 (Me.1985). The remaining issues raised on appeal are without merit and require no discussion.

The entry is:

Judgments affirmed.

All concurring.