**STATE of Maine**

v.

**Eric RICHARDSON.**

Supreme Judicial Court of Maine.

Argued May 23, 1991.

Decided June 18, 1991.

Stephanie Anderson, Dist. Atty. and Diane Powers (orally), Asst. Dist. Atty., Portland, for the State.

James G. Boulos (orally), Biddeford, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

GLASSMAN, Justice.

Eric Richardson appeals from a judgment of the Superior Court (Cumberland

County, *Brodrick, J.*) affirming the judgment of the District Court (Portland, *Mac-Nichol, J.*) finding Richardson guilty of operating a motor vehicle while under the influence of intoxicating liquor in violation of 29 M.R.S.A. § 1312 (1978 & Supp.1990). Richardson contends that the in-court identification procedure conducted by the court at the State's request deprived him of his privilege against self-incrimination and denied him his right to confront the State's sole witness in violation of the fifth and sixth amendments to the United States Constitution and article I, section 6 of the Maine Constitution. We affirm the judgment.

At the trial of the charge against Richardson, the State presented as its sole witness police officer Anderson, who testified as to the circumstances of the arrest of the driver, who was the only occupant of the vehicle he had stopped at the time and place alleged in the complaint against Richardson. There was no evidence that Anderson previously was acquainted with the driver of the vehicle. In response to the State's request, the court ordered four men at the back of the courtroom to stand. The State asked Anderson if he could identify the defendant in this action. Anderson identified one of the four men by his location in the courtroom and by describing his appearance and attire. The court instructed the other three men to be seated. Over defense counsel's objection the court requested that the man identified by Anderson state his name, and Richardson identified himself by name. The State rested its case. After the court denied the defense motion for a mistrial, defense counsel advised the court he did not wish to cross-examine Anderson and rested the case without offering any evidence in Richardson's defense. Following the final arguments of the parties, the court found Richardson guilty of the offense with which he was charged, and Richardson appeals.

■ We find no merit in either of Richardson's contentions. We have previously stated that because the accused is not being compelled to provide the State with evidence of a testimonial or communicative nature, it is not a violation of the constitutional privilege against self-incrimination when, as here, a trial procedure compels the accused to speak his name following an in-court identification of him.

The purpose of compelling the defendant to identify himself at trial was not to extract an incriminating statement from him, but only to determine the presence or absence of the rightful person standing trial. The defendant was not identifying himself as the person who had committed the offense charged against him.

*State v. Tullo,* 366 A.2d 843, 851, 852 (Me. 1976); *see also Swingle v. United States,* 151 F.2d 512, 513 (10th Cir.1945) (court properly requested two co-defendants to identify themselves prior to commencement of trial, since defendants' persons were material evidence in the case); *Cowans v. Warden, Maryland Penitentiary,* 276 F.Supp. 696, 698 (D.Md.1967) (court properly requested one of two co-defendants to give his name following in-court identification).

■ Richardson argues that the in-court identification rendered any attempt to cross-examine Anderson futile and, accordingly, denied him his constitutional right to confront the witness. Richardson concedes that at the trial he did not object to the in-court identification procedure on this stated ground and he had made no advance arrangement that verification of identification would await cross-examination of Anderson. *See* M.R.Crim.P. 51. We therefore review the issue for obvious error. M.R.Crim.P. 52; *see also State v. Jones,* 580 A.2d 161, 163 (Me.1990) (constitutional violation of rights protected by Confrontation Clause must be objected to at trial). There is no indication in the record that the court prevented defense counsel from testing the credibility of Anderson's in-court identification either by cross-examination or by presentation of other evidence. Richardson voluntarily chose to forgo his right to cross-examine Anderson and to present evidence in his defense. We find no error in the trial procedure before the District Court.

The entry is:

Judgment affirmed.

All concurring.