## STATE of Maine

### v.

### Gerald ROSE.

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 3, 1993.
Decided March 11, 1993.

Michael Cantara, Dist. Atty. (David Gregory, of counsel), Alfred, for plaintiff.

Robert A. Levine, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

RUDMAN, Justice.

Gerald Rose appeals from a judgment entered on a jury verdict in the Superior Court (York County, *Fritzsche, J.*) convicting him of attempted gross sexual assault and unlawful sexual contact, 17–A M.R.S.A. §§ 253, 255 (Supp.1992). On appeal, Rose contends that the State improperly invited the jury to draw an adverse inference from Rose's presence at trial. Because Rose failed to move for a mistrial following the trial court's curative instructions, we review for obvious error and finding none, we affirm.

Rose argues that the State violated his sixth amendment right to confront adverse witnesses by inviting the jury to infer from his presence at trial that he fabricated his testimony so as to conform to the testimony of previous witnesses. Rose objects to two questions asked of him on cross-examination and one remark made by counsel for the State in his closing argument. Specifically, during Rose's cross-examination, the following exchange took place:

Q: Now, you're the only witness who testified in this trial that sat through all the testimony of the other witnesses; correct?

A: Yes.

Q: And you had a chance to review all of the police reports and other items.

Rose's attorney immediately objected and the court instructed the jury that Rose had "an absolute legal right afforded all defendants by law ... to be present through the entire trial and ... to review any reports that the State may have generated."

Rose also objects to the following comments made during the State's closing argument:

Now, let's look at Mr. Rose's statements to Officer Medved. The night of this offense he speaks to Officer Medved. He doesn't have his story straight. He screws up. After two years or so he has a different story for you, folks. After he's had a chance to refine it. What about his behavior?

Rose's attorney promptly objected and the court issued another curative instruction.

We faced the identical issue in *State v. Jones*, 580 A.2d 161 (Me.1990), wherein the defendant likewise argued that the State, during summation, violated his sixth amendment right to confront adverse witnesses by asking the jury to infer from his presence at trial that he fabricated his testimony. Specifically, the State stated:

I suggest when you evaluate the credibility of these witnesses and their testimony you also consider something very important; the only witness who testified in this case who heard everybody else's testimony before he gave his reason was the defendant. [The defendant] had the benefit of knowing what everybody else said before he testified. What opportunity did that give [the defendant] to testify as he did?

*Id.* at 162. Following the defendant's immediate objection to these remarks, the court instructed the jury that the remarks were improper and should be disregarded. *Id.* The defendant neither moved for a mistrial nor requested any additional curative instructions. *Id.*

Although "one of the most basic rights [guaranteed by the confrontation clause] is the right of the accused to be present at every stage of the trial," *see id.* at 162–63 (citations omitted), we held that:

A direct comment by the prosecutor that invites the jury to draw an adverse inference from the defendant's presence at trial and his corresponding opportunity to hear all the witnesses testify is error. Although the prosecutor's argument was improper, even constitutional errors need to be preserved at trial. *State v. Saucier*, 385 A.2d 44, 47 (Me.1978) (quoting *State v. Pomerleau*, 363 A.2d 692, 696 (Me.1976)). Following defendant's original objection and the court's curative instruction, defendant made no further objection and did not move for a mistrial. We find no error on the part of the Superior Court.

*Id.* at 163.

The present case is controlled by our prior holding in *State v. Jones*. While the State's remarks in the instant case were more innocuous than those made by the State in *State v. Jones*, they were, nevertheless, unnecessary and uncalled for. The State must refrain from asking improper questions and making inappropriate comments which are strategically designed to cast a defendant's most basic constitutional rights in a negative light. However, because of Rose's failure to move for a mistrial, he "is taken to have acquiesced in the corrective measures adopted by the trial justice...." *State v. Gordius*, 544 A.2d 309, 311 (Me.1988). Furthermore, "in light of the curative measures taken by the trial court, ..." the prosecutor's remarks during cross-examination and closing argument "did not reach the level of obvious error affecting substantial rights...." *Id.*

The entry is:

Judgment affirmed.

All concurring.