**STATE of Maine,**

v.

**Gregory MURRAY.**

Supreme Judicial Court of Maine.

Argued Jan. 7, 1994.

Decided July 19, 1994.

R. Christopher Almy, Dist. Atty., Jeffrey M. Silverstein (orally), Asst. Dist. Atty., Bangor, for State.

Daniel A. Pileggi (orally), Gross, Minsky, Mogul & Singal, P.A., Bangor, for defendant.

Before GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ., and COLLINS, A.R.J.*

COLLINS, Active Retired Justice.

Gregory Murray appeals from a judgment entered in the Superior Court (Penobscot County, *Browne, A.R.J.*) following a jury verdict finding him guilty of assault and aggravated criminal mischief. 17–A M.R.S.A. §§ 207, 805 (1983 & Supp.1993). On appeal, Murray, an indigent defendant, contends that the trial court violated his right to due process and equal protection by denying his motion for funds to hire a psychiatric expert. We agree and vacate the judgment.

---

* Justice Collins sat at oral argument and participated in the initial conference while he was a Justice, and, on order of the Chief Justice, was authorized to continue his participation in his capacity of Active Retired Justice.

Murray, suffering from dental pain caused by two abscessed teeth, sought medical treatment at the emergency room of the St. Joseph's Hospital in Bangor. While being questioned by a hospital employee, Murray lifted a computer off a hospital desk and threw it. The hospital employee was struck by a part of the computer and sustained an injury to her wrist. The computer was damaged. After the incident, Murray ran from the hospital. He later voluntarily turned himself in to the Bangor Police Department.

In response to a motion by the State, the Superior Court (*Kravchuk, J.*) ordered the State Forensic Service to conduct a psychological evaluation. The Service's evaluation led to the issuance of a report by a psychologist licensed with the State Forensic Service. This report concluded that Murray was competent to stand trial and that Murray was aware of the wrongfulness of his conduct. However, in discussing Murray's mental condition at the time of the incident, the report stated:

> It remains possible that the pain of the tooth abscesses so dominated Mr. Murray's attention while at the emergency room that he suspended his judgment as a result; it is not clear that such possibly impaired judgment or attention to matters of right or wrong would be attributable to a mental health problem—rather, it would be a medical matter of dental pain. Given that, it does appear that Mr. Murray was aware of the wrongfulness of such conduct as has been alleged.

Following the issuance of this report, Murray filed a pretrial motion for funds to hire a psychiatric expert to support his defense that his severe dental pain created an abnormal condition of the mind which, pursuant to 17–A M.R.S.A. § 38 (1983), raised "a reasonable doubt as to the existence of a required culpable state of mind." After a hearing on this motion, the trial court (*Browne, A.R.J.*) denied Murray's motion because it concluded that whether Murray's pain created an abnormal condition "seems to be an issue for the jury, not for some expert." In short, the court ruled that a psychiatric expert was not necessary for this defense.

During the trial, Murray described his pain on the night of the incident as "excruciating" and "severe." He also testified that he "had never experienced" this kind of pain and that it made him lose "total control." Due to the denial of his motion for funds, Murray could not offer expert testimony as to whether such pain created an abnormal condition of the mind. As the court had earlier ruled, however, this issue was for the jury, "not for some expert."

■ At the close of the evidence, the court abandoned its earlier ruling and prohibited Murray from arguing the abnormal condition defense to the jury because he had not presented any expert testimony. As the court explained:

> [T]here is no mental abnormality because you can't argue this because ... the medical man wouldn't be able to tell you there is a mental abnormality. *It's a psychiatrist that would have to tell you that.* (Emphasis added).

Murray was found guilty on both counts. He filed a motion for a new trial which was denied and then he filed this timely appeal.

An indigent defendant has a constitutional right to the "basic tools of an adequate defense." We have previously stated two requirements imposed on defense counsel in making a request for funds: "Therefore ... an indigent accused requesting public funds for experts must first show the trial court, to the extent he reasonably can then be expected to do so, why the services are necessary for an adequate defense; to appeal successfully from a denial of his request for funds, he must have been substantially prejudiced by the action of the trial court."

*State v. Gordius,* 544 A.2d 309, 310 (Me.1988) (quoting *Ake v. Oklahoma,* 470 U.S. 68, 77, 105 S.Ct. 1087, 1093, 84 L.Ed.2d 53 (1985); *State v. Anaya,* 456 A.2d 1255, 1263 (Me. 1983)). Since the trial court ultimately ruled that expert testimony was a prerequisite to presenting this defense to the jury, Murray was substantially prejudiced by the court's earlier denial of his motion for funds. The trial court's inconsistent rulings deprived Murray of his constitutional right to the "basic tools of an adequate defense." *Gordius,*

544 A.2d at 310 (citation omitted). At the very least, the court should have instructed the jury with respect to the abnormal condition defense.[1]

Moreover, Murray satisfied his burden of showing why the services of an expert were "necessary for an adequate defense." *Anaya*, 456 A.2d at 1263. The State's psychologist reported that Murray's dental pain may have caused him to suspend his judgment and may have also impaired his "attention to matters of right or wrong." The psychologist further reported that the issue of whether there was such an impairment "would be a medical matter of dental pain." In short, the psychologist did not offer an opinion on any such impairment because he was not qualified to do so. Instead, he suggested that a medical expert, i.e., a psychiatrist, would be the appropriate person to offer such an opinion.[2]

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

1. In fact, the court gave the opposite charge:

   Now, the defendant has indicated that he was experiencing pain at times, but if there was—if he was suffering from some incapacity or some pain or harm or hurt and if it affected his judgment, *that's not a defense.* But you'd have to be satisfied that he was acting intentionally, knowingly, or recklessly.... (Emphasis added).

2. In light of the fact that the trial court denied Murray's request, which was based almost exclusively on the psychologist's report, the court obviously disagreed that a medical expert was necessary to testify with respect to the issue of how Murray's pain affected his mental condition. It is rather ironic that after the defense rested, the trial court accepted the very same report's suggestion that a medical expert was indeed necessary.