STATE of Maine

v.

**Larry WINCHENBACH.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 12, 1995.

Decided May 26, 1995.

David M. Spencer, Asst. Dist. Atty., Wiscasset, for State.

William S. Maddox, Rockland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

Defendant, Larry Winchenbach, appeals from judgments entered in the Superior Court (Lincoln County, *Crowley, J.*) on jury verdicts convicting him of aggravated assault, 17–A M.R.S.A. § 208 (1983), criminal threatening with a dangerous weapon, 17–A M.R.S.A. § 209 (1983), and two counts of criminal mischief, 17–A M.R.S.A. § 806 (Supp.1994). Defendant argues *inter alia* that prosecutorial misconduct occurred and was prejudicial to a fair trial, and that the court erred in denying his request for an instruction on self-defense. We affirm the judgments.

The evidence offered at trial may be summarized as follows: The alleged victim, a woman, lived with defendant and her teenage son at a trailer park. On the day in question, defendant and the victim had been arguing and drinking when they returned to their trailer. Defendant went to pick up the phone. The victim became angry, pulled the cord out of the wall, and told him that he wasn't calling his girlfriends from her house. Defendant got up, pushed the victim, grabbed the phone, and tore the cord apart. Defendant and the victim pushed and shoved each other. She was backed up against the kitchen counter, and he slapped and choked her. She bit him. He left threatening to do something to her car, and she chased after him.

Defendant grabbed an aluminum baseball bat outside the trailer. The victim pleaded with him not to smash her car, and tried to hold him back. Defendant swore at her, and hit and broke her car window. She grabbed his arm. He turned around and "went to hit her with the bat." The bat struck her hands which were in front of her face, and she fell down. Defendant dropped the bat. When the victim picked it up and tried to swing it at him, he took the bat and threw it over the trailer. The police arrived soon thereafter and arrested defendant. The police placed him in the police car, and he kicked out one of the windows of the cruiser. Defendant appeals from the resulting convictions.

### Prosecutorial Misconduct

■ Defendant argues that prosecutorial misconduct occurred and was prejudicial to a fair trial, and that therefore the judgment should be vacated. He argues that the prosecutor, in final argument, had both his hands on the baseball bat and swung it in the air while declaring that "there was no contradictory evidence, in other words there was no other evidence about how the bat was swung,

why couldn't she have just said he took both hands, he grabbed that like he was going for a home run and laid into me." Defendant objected to the State's pounding and swinging of the bat during closing and requested a curative instruction. The court stated that the prosecutor had pounded the bat into his palm but had not swung the bat or come close to the jury. The court instructed the jury that the arguments and any demonstration by counsel at closing could not be considered as evidence. Because defendant did not object to the court's curative instruction, and did not move for a mistrial, we review only for obvious error. *See State v. Rose*, 622 A.2d 78, 79 (Me.1993). In light of the court's description of the prosecutor's conduct and the curative instruction given by the court, we find that the prosecutor's use of the bat during closing argument does not rise to the level of obvious error affecting substantial rights.

■ Defendant also argues that in declaring that "there was no contradictory evidence ... about how the bat was swung," the State drew attention to the fact that defendant did not testify on his own behalf, and that therefore defendant was denied a fair trial. The prosecutor made this statement in the context of arguing that the victim's testimony was credible because she did not exaggerate her description of how the bat was swung. The prosecutor's statement did not constitute a comment on defendant's failure to testify. *See State v. Thibodeau*, 524 A.2d 770, 772 (Me.1987) (examining the context of a prosecutor's statement during closing that defendant "did not want to tell you what his motive was" and affirming the trial court's finding that the statement was not a comment on defendant's failure to testify). Therefore, we find no obvious error.

### Jury Instruction on Self-defense

■ Defendant next argues that the court erred in refusing his request for an instruction on self-defense. With certain exceptions, a person is justified in using a reasonable degree of nondeadly force on another in order to defend himself from what he reasonably believes to be the imminent use of unlawful, nondeadly force by the oth-

er, and is justified in using deadly force when he reasonably believes it necessary and reasonably believes that the other person is about to use unlawful, deadly force against him. 17–A M.R.S.A. § 108 (1983 & Supp. 1994). A self-defense instruction is warranted when a defendant meets his "burden of going forward with evidence of such nature and quality as to raise the issue of self-defense and justify a reasonable doubt of guilt if upon the whole evidence the fact finder entertains such a doubt." *State v. Philbrick*, 481 A.2d 488, 492 (Me.1984) (quoting *State v. Larrivee*, 479 A.2d 347 (Me. 1984)). *See also State v. O'Brien*, 434 A.2d 9, 13 (Me.1981). Evidence generating the issue of self-defense may be presented by either party. *Philbrick*, 481 A.2d at 492. The evidence in this case, however, does not generate the issue of self-defense. There is no evidence that the victim was about to use unlawful force on defendant when he hit her with the bat. Any force used by the victim in attempting to keep defendant from hitting her car was justified to prevent criminal mischief. *See* 17–A M.R.S.A. § 105 (1983).

Defendant attempts to portray the victim as twice provoking him into arguments, first, when she pulled a telephone cord out of the wall inside the trailer, and second, when she walked up to him when he was allegedly breaking her car window. Regardless of who was the aggressor inside the trailer, there is simply no evidence that the victim provoked defendant into hitting her with the bat in order to defend himself. Defendant's argument on appeal that if the victim "was hurt, it was during defendant's attempt to wrest the bat from her and get rid of it" has no support in the record. The victim testified that defendant hit her with the bat, and when she picked up the bat and went to swing it at him, he grabbed it and threw it over the trailer. There was no other testimony on this point. The Superior Court did not err in declining to instruct the jury on self-defense.

■ Finally, we reject defendant's argument that the evidence was insufficient to establish the required elements for aggravated assault and criminal threatening with a dangerous weapon. The jury rationally

could have found beyond a reasonable doubt every element of the crimes. *See State v. Barry,* 495 A.2d 825, 826 (Me.1985). Defendant's remaining arguments are without merit and require no discussion.

The entry is:

Judgments affirmed.

All concurring.